No. 110,219

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Protest Appeal of
RAKESTRAW BROTHERS, L.L.C.,
for Tax Year 2011 in Kingman County, Kansas.

SYLLABUS BY THE COURT

1.

Administrative agencies are created by statute, so they have only the powers granted by statute. An agency may create a jurisdictional requirement only if the legislature has specifically authorized it to do so. Mere authority to adopt rules does not authorize the agency to adopt jurisdictional rules; the authority to set jurisdictional limits must come from express statutory language.

2.

Neither K.S.A. 2011 Supp. 74-2433f(e) nor K.S.A. 2011 Supp. 74-2437 give the Court of Tax Appeals the authority to adopt regulations that would set jurisdictional requirements for parties appearing before it.

3.

The Kansas Legislature has provided in K.S.A. 2011 Supp. 74-2433f(f) that a taxpayer may appear through a tax representative or agent in the small-claims division of the Court of Tax Appeals. Accordingly, when a tax representative signs a form entry of appearance to begin the taxpayer's appeal in the small-claims division, that form, when timely filed, provides the Court of Tax Appeals subject-matter jurisdiction to hear the appeal even if the representative is neither an attorney nor the taxpayer's officer or employee.

Appeal from Court of Tax Appeals. Opinion filed October 17, 2014. Reversed and remanded.

*Patrick B. Hughes* and *Bradley A. Stout*, of Adams Jones Law Firm, P.A., of Wichita, for appellant Rakestraw Brothers, L.L.C.

*S. Eric Steinle* and *Carole K. DeWald*, of Martindell, Swearer, Shaffer, Ridenour, LLP, of Hutchinson, for appellee Kingman County, Kansas.

Before POWELL, P.J., LEBEN and ARNOLD-BURGER, JJ.

LEBEN, J.: When Rakestraw Brothers, LLC, wanted to appeal the tax valuation of its oil lease by Kingman County, it hired Kenton Hupp, a petroleum engineer, to handle the appeal. Hupp filed a notice of appeal on Rakestraw Brothers' behalf with the small-claims division of the Court of Tax Appeals.

The Court of Tax Appeals dismissed the appeal for lack of jurisdiction, concluding that the notice of appeal had to be signed either by a member or officer of Rakestraw Brothers or by a licensed attorney. But the Kansas Legislature has specifically provided that "[a] party . . . may be represented by a . . . tax representative or agent" in the small-claims division. K.S.A. 2011 Supp. 74-2433f(f). We therefore conclude that the Court of Tax Appeals was wrong to dismiss the appeal for lack of jurisdiction, and we remand for a hearing on the merits of the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Rakestraw Brothers hired Hupp to handle the appeal of Kingman County's valuation of its oil lease for the 2011 tax year. Hupp is a licensed petroleum engineer who does consulting work, including work related to the valuation of oil leases. Aside from consulting with Rakestraw Brothers about the valuation of its oil lease, he was not employed by Rakestraw Brothers.

Hupp signed a notice of appeal on a form provided by the Court of Tax Appeals. He signed as the taxpayer's representative and attached a "Declaration of Representative," stating that he would serve as Rakestraw Brothers' representative during the appeal. Hupp paid the $150 filing fee and sent a letter to the small-claims division indicating that he was representing Rakestraw Brothers in the appeal.

The small-claims division conducted a hearing on the appeal, and it upheld Kingman County's valuation.

An attorney, Bradley Stout, then filed an appeal of the small-claims ruling to the regular division of the Court of Tax Appeals. But Kingman County filed a motion to dismiss the case for lack of jurisdiction based on a recent Court of Tax Appeals ruling in a similar case. The Court of Tax Appeals granted the motion, concluding that only a taxpayer or its attorney may sign a notice of appeal. Since Hupp was neither an attorney nor the taxpayer (as a member or even an employee), the Court of Tax Appeals ruled that the notice of appeal had to be disregarded. As a result, it concluded, no timely appeal had been filed in the small-claims division, and it had no subject-matter jurisdiction to hear the appeal.

Rakestraw Brothers filed a motion to reconsider, but the Court of Tax Appeals denied that motion. Rakestraw Brothers then appealed to this court.

Before analyzing whether the Court of Tax Appeals was wrong in its legal conclusion, we add a note regarding the statutes and regulations cited in this opinion. We are citing to the 2011 statutes and regulations that were in place when Rakestraw Brothers filed its appeal to the small-claims division in March 2012. Those statutes and regulations were the ones that determined jurisdiction at that time, and the Court of Tax Appeals relied upon them in its decision.

We recognize that the 2014 Kansas Legislature has made changes to the statutes governing the Court of Tax Appeals. In fact, even the name of that tribunal has been changed—reverting back to its former name, the Board of Tax Appeals. See L. 2014, ch. 141. Neither party has filed anything with our court suggesting that these legislative changes should have any impact on whether the Court of Tax Appeals was correct to dismiss Rakestraw Brothers' appeal. We have not considered those legislative changes and accordingly express no opinion on what impact, if any, they may have on remand.

ANALYSIS

In our view, the result in this case is driven by the language of K.S.A. 2011 Supp. 74-2433f, in which the Kansas Legislature provided for expedited hearings in designated cases through a small-claims division of the Court of Tax Appeals. Kingman County makes no argument that Rakestraw Brothers' appeal was in any way inappropriate for small-claims treatment. See K.S.A. 2011 Supp. 74-2433f(c).

For a small-claims appeal, the legislature provided in K.S.A. 2011 Supp. 74-2433f that the appeal begins with the filing of a notice of appeal and that the taxpayer may appear through any of several parties, including an attorney, a certified public accountant or appraiser, or a tax representative or agent:

> "(e) A taxpayer shall commence a proceeding in the small claims and expedited hearings division by filing a notice of appeal in the form prescribed by the rules of the state court of tax appeals which shall state the nature of the taxpayer's claim. . . .

> "(f) The hearing in the small claims and expedited hearings division shall be informal. The hearing officer may hear any testimony and receive any evidence the hearing officer deems necessary or desirable for a just determination of the case. A hearing officer shall have the authority to administer oaths in all matters before the

4

hearing officer. All testimony shall be given under oath. *A party may appear personally or may be represented by an attorney, a certified public accountant, a certified general appraiser, a tax representative or agent, a member of the taxpayer's immediate family or an authorized employee of the taxpayer.* A county or unified government may be represented by the county appraiser, designee of the county appraiser, county attorney or counselor or other representatives so designated. No transcript of the proceedings shall be kept." (Emphasis added.) K.S.A. 2011 Supp. 74-2433f .

Thus, in a section specifically governing the small-claims division, the legislature has said that a taxpayer "may be represented by . . . a tax representative or agent."

Kingman County suggests in its brief that there's no proof in the record that Hupp, a petroleum engineer, was a tax representative or agent. But the Court of Tax Appeals didn't question whether Hupp was a tax representative—a managing partner of Rakestraw Brothers had signed the Court of Tax Appeals form for "Declaration of Representative" stating that Hupp was its representative, and Hupp had said in a letter submitted with the appeal notice that he was a licensed petroleum engineer with "28 years of Kansas Ad Valorem Tax preparation experience," including testimony before counties and the Court of Tax Appeals. Hupp was Rakestraw Brothers' "tax representative or agent" for purposes of K.S.A. 2011 Supp. 74-2433f.

So we have an action properly filed in the small-claims division by the tax representative or agent of the taxpayer, and the legislature has specifically authorized such a person to appear for the taxpayer in the small-claims division. What, then, could be the problem?

Based on the Court of Tax Appeals' ruling, Kingman County suggests four reasons that the notice of appeal Hupp filed wasn't valid and thus didn't give the Court of Tax Appeals jurisdiction over the appeal. First, Kingman County argues that since K.S.A. 2011 Supp. 79-2005(g) provides that "the protesting taxpayer may, if aggrieved . . . ,

5

appeal" a county's tax assessment, only the taxpayer (or its attorney) may file the notice of appeal. Second, Kingman County argues that a Court of Tax Appeals regulation, K.A.R. 94-5-4(b) (2011 Supp.), provides that a notice of appeal be "signed by the party or the party's attorney," leaving no option to use a non-attorney agent. Third, Kingman County argues that K.S.A. 2011 Supp. 74-2433f(f) applies only to hearings, not to the filing of the notice of a taxpayer's appeal. Fourth, Kingman County argues that signing the notice of appeal to the small-claims division would constitute the unauthorized practice of law if done by a representative who was not licensed to practice law in Kansas. Based on our understanding of K.S.A. 2011 Supp. 74-2433f, we do not find any of these arguments persuasive.

Let's begin with K.S.A. 2011 Supp. 79-2005(g). That statute does provide that an aggrieved "taxpayer" can appeal, and K.S.A. 2011 Supp. 79-2433f(e) provides that "[a] taxpayer" may commence a small-claims appeal. But neither statute provides that *only* the taxpayer can file the appeal form. Kingman County and the Court of Tax Appeals agree that an attorney could file the appeal on behalf of Rakestraw Brothers. These statutes don't explicitly address who may prepare a taxpayer's appeal form and should not be read to prohibit anyone but the taxpayer from preparing or filing the notice of appeal. Hupp did not purport to file his own appeal—he signed as Rakestraw Brothers' representative.

Kingman County next cites to K.A.R. 94-5-4(b) (2011 Supp.), which provides that notices of appeal be "signed by the party or the party's attorney." But that regulation cannot deprive the Court of Tax Appeals of *jurisdiction* to hear an appeal: An administrative agency does not define its own jurisdiction—the legislature does by statute.

Administrative agencies are created by statute, so they have only the powers granted by statute. See *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*,

6

290 Kan. 446, Syl. ¶ 1, 228 P.3d 403 (2008). Agency rules must be within the agency's statutory authority, *Ruddick v. Boeing Co.*, 263 Kan. 494, 499, 949 P.2d 1132 (1997), so an agency may create a jurisdictional requirement *only* if the legislature has specifically authorized it to do so. See *Chelf v. State*, 46 Kan. App. 2d 522, 525-33, 263 P.3d 852 (2011). Mere authority to adopt rules does not authorize the agency to adopt jurisdictional rules; there must be express statutory language that the agency has the authority to set jurisdictional limits. See *Union Pacific R. Co. v. Locomotive Engineers*, 558 U.S. 67, 83-84, 130 S. Ct. 584, 175 L. Ed. 2d 428 (2009); *Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636-37 (6th Cir. 2011); *Chelf*, 46 Kan. App. 2d at 532-33.

K.A.R. 94-5-4(b) (2011 Supp.) was adopted under the authority of K.S.A. 2011 Supp. 74-2437, which lets the Court of Tax Appeals adopt rules "relating to the performance of its duties and particularly with reference to procedure before it on hearings and appeals." K.S.A. 2011 Supp. 74-2437(c). Nothing in that statutory grant of authority suggests that the Court of Tax Appeals may adopt regulations that limit its jurisdiction.

K.S.A. 2011 Supp. 74-2433f(e) does provide that taxpayers begin their small-claims appeal "by filing a notice of appeal in the form prescribed by the rules of the state court of tax appeals . . . ." But nothing in that statute clearly expresses a legislative authorization that the Court of Tax Appeals rules for the form of the notice shall be *jurisdictional*.

The upshot is that the Court of Tax Appeals had no authority to adopt a regulation purporting to deprive it of jurisdiction if an appeal form was unsigned or signed by the wrong party.

That result should not be surprising. Even courts within the judicial branch don't define their own jurisdiction, so court rules do not create jurisdictional requirements. See *Adams v. St. Francis Regional Med. Center*, 264 Kan. 144, 151, 955 P.2d 1169 (1998). And even the outright failure to sign a paper filed in court—even including a notice of appeal—doesn't deprive a court of jurisdiction. Instead, Rule 11 of the Federal Rules of Civil Procedure and its Kansas counterpart, K.S.A. 2011 Supp. 60-211, both provide for striking an unsigned paper only if the failure to sign it is not corrected after being brought to the party's attention. See Fed. R. Civ. P. 11(a); K.S.A. 2011 Supp. 60-211(a). Thus, the United States Supreme Court has held that the failure to sign a notice of appeal does not deprive a federal court of jurisdiction over that appeal. *Becker v. Montgomery*, 532 U.S. 757, 760, 763-68, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001).

Kingman County's next argument is a claim that K.S.A. 2011 Supp. 74-2433f(f), which authorizes an appearance by a "tax representative or agent," only applies at the small-claims hearing and not to the filing of the appeal notice. Kingman County contends that the filing of the appeal is governed solely by K.S.A. 2011 Supp. 74-2433f(e), which makes no reference to a "tax representative or agent."

There are several problems with this argument.

First, K.S.A. 2011 Supp. 74-2433f(e) is ambiguous about who may file the appeal. It references only "[a] taxpayer," yet everyone agrees that the parties who may prepare and file the appeal form include *at least* attorneys in addition to the taxpayer. Given that ambiguity, it makes sense to consider subsection (e) along with subsection (f), which clearly allows a "tax representative or agent," among others, to appear for the taxpayer at the hearing. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013). An attorney is, after all, simply one type of agent, so it makes sense to use the list of permissible agents provided by the legislature in subsection (f) when determining which agents may file the notice of appeal

8

on the taxpayer's behalf. By contrast, it would make no sense to say that a corporation must hire an attorney for the sole purpose of signing the appeal form but then may be represented by a non-attorney at the small-claims hearing. Construing the statute in that manner would defeat the obvious purpose of the small-claims process—to allow for a less cumbersome, more informal, and less expensive initial appeal. None of these considerations support Kingman County's argument.

Second, Kingman County relies upon K.A.R. 94-5-4(b) (2011 Supp.) for the requirement that only the taxpayer or its attorney may sign the appeal form. That regulation is ultimately the source of the claimed requirement that only an attorney or the taxpayer may sign the appeal form since K.S.A. 2011 Supp. 74-2433f(e) doesn't mention attorneys. But we have already explained that the Court of Tax Appeals has no authority to use this regulation to define its jurisdiction.

Third, K.A.R. 94-5-4(b) (2011 Supp.) by its own terms does not set forth a jurisdictional requirement. Immediately after the sentence that requires the form to be "signed by the party or the party's attorney," the regulation goes on to say that "[i]f a pleading is filed with insufficient information or is otherwise deficient, the pleading *may be* rejected by the court *or may be accepted* by the court, with supplementation by the parties required by the court." (Emphasis added.) A provision giving the body discretion whether to accept a form that is deficient in some way is not a jurisdictional provision. And to the extent the Court of Tax Appeals had discretion in this case, we hold it was an abuse of discretion to dismiss the appeal without first giving Rakestraw Brothers an attempt to correct the error, just as a court in the judicial branch would be required to do. See K.S.A. 2011 Supp. 60-211(a).

Kingman County suggests a final problem—that filling out or signing the notice of appeal constitutes practicing law, which only an attorney may do. There are two answers to this argument. First, filling out the appeal notice did not constitute the practice of law.

9

Second, even if it were the practice of law, that would not present a jurisdictional hurdle for the reason we just noted: Even in a court, the party would be given another opportunity to have the paper properly signed before it would be stricken. There's certainly no reason that a stricter rule should be applied in an administrative proceeding unless the legislature has created one—and here, the legislature has provided that the hearing in the small-claims division "shall be informal." K.S.A. 2011 Supp. 74-2433f(f). There's no statutory hint that a taxpayer should be thrown out over some technical pleading requirement.

Let's first consider whether filling out the appeal form provided by the Court of Tax Appeals constitutes the practice of law. There is nothing in the form that requires legal training: The taxpayer advises that it wants a hearing, provides contact information, and states what it claims the proper value of the property is. Law school doesn't train students to appraise real property, let alone oil and gas interests. Nor does law school teach a person how to sign his or her name, also required on the form.

The Colorado Court of Appeals found that filling out a similar tax-appeal form did not constitute the practice of law in *BQP Industries v. State Bd. of Equalization*, 694 P.2d 337, 341-42 (Colo. App. 1984). In that case, the non-attorney presidents of 10 corporations had filed appeal forms to a state tax-appeal agency using an agency form that asked for several items of information. In fact, it asked for more than the Court of Tax Appeals form in our case did; the Colorado form asked for the facts and law on which the appeal was based and a list of witnesses and exhibits. The Colorado court found that filling out the form did not constitute the unauthorized practice of law: "The completion of this form does not require any knowledge and skill beyond that possessed by the ordinary, intelligent taxpayer." 694 P.2d at 342. Filling out the Kansas appeal form did not constitute the practice of law.

Our conclusion that Hupp did not practice law by filing the small-claims appeal form is underscored by the nature of administrative proceedings, in which non-attorneys often handle even some complicated proceedings. Administrative agencies are created by statute, not by the common law, so there's no common-law prohibition on a corporation or other artificial entity appearing through a non-attorney. In some complicated administrative-agency proceedings, like patent registrations, for example, non-attorneys may become registered agents to represent other parties. See 37 C.F.R. §§ 11.6(b), 11.7 (2013). The Kansas Administrative Procedure Act provides that parties may participate in hearings "in person or, if the party is a corporation or other artificial person, by a duly authorized representative." K.S.A. 77-515(a). Had the legislature wanted to limit the ability to represent artificial entities in administrative proceedings only to attorneys, it could have done so by substituting "attorney" for "representative."

But what if merely filling out the notice of appeal form were considered practicing law? Even then, the Court of Tax Appeals would not be barred from considering the appeal. To understand why, let's consider what happens when a notice of appeal is filed in a court, where the rules against non-lawyers acting on behalf of corporate entities are stricter.

There is a common-law rule under which corporations and other artificial entities must be represented by an attorney in court. See *In re Arnold*, 274 Kan. 761, 770, 56 P.3d 259 (2002); *cf. Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, Syl. ¶¶ 3-4, 14 P.3d 1149 (2000) (recognizing that legislature had changed the common-law rule by statute to allow corporations to appear in court in small-claims cases by a full-time employee or officer). But even if Hupp, a non-attorney, had filed the notice of appeal in a court, that doesn't mean the notice of appeal would be treated as a nullity and disregarded altogether. Instead, many courts now take the position that the pleading filed by a non-attorney should not be deemed a nullity (in an appeal, depriving the court of jurisdiction because a proper appeal wasn't timely filed) unless the party knew that its action was improper. See

11

*In re IFC Credit Corp.*, 663 F.3d 315, 320-21 (7th Cir. 2011) (concluding that there was no jurisdictional defect when corporation's president, rather than attorney, signed the initial pleading); *Downtown Disposal Serv. v. City of Chicago*, 2012 IL. 112040, ¶¶ 17-38, 979 N.E.2d 50 (2012) (same).

That's the approach the Kansas Supreme Court took in *Benson v. City of DeSoto*, 212 Kan. 415, 422, 510 P.2d 1281 (1973). In that case, the trial court had dismissed a city's appeal because it had been signed by three city council members who were not attorneys. The court found that the dismissal was "overly technical" and concluded that the filing should not be declared a nullity. 212 Kan. at 421-22. Kansas law is thus in agreement with the other courts cited above that have concluded that a filing made by a non-attorney should not be considered a nullity for jurisdictional purposes in a court proceeding.

Here, though, the filing by non-attorney Hupp came in an administrative-agency proceeding, not a court proceeding. Despite its name when it ruled in this case, the Court of Tax Appeals was an administrative agency in the Executive Branch. See *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1113-14, 269 P.3d 876 (2012). Surely if an appeal in court would not be thrown out solely because a non-lawyer signed the notice of appeal, an appeal before an administrative agency, where less formal rules apply, should not be, either.

We recognize that K.S.A. 77-515(c) provides that a state agency "may require a corporation or other artificial person to participate by counsel." But that is a general provision broadly applicable through the Kansas Administrative Procedure Act, while K.S.A. 2011 Supp. 74-2433f is a specific statute governing small-claims appeals in the Court of Tax Appeals. In the event of a conflict between a general statute and a more specific one, the specific statute controls. See *In re Adoption of H.C.H.*, 297 Kan. 819,

12

833, 304 P.3d 1271 (2013). A fair reading of K.S.A. 2011 Supp. 74-2433f(e) and (f), taken together, is that certified public accountants and other tax representatives or agents may both file the notice of appeal and appear for the taxpayer at the small-claims hearing. The general statutory authority in K.S.A. 77-515(c) cannot override that legislative directive.

We conclude there was nothing improper about Hupp's filing. When the legislature provides that "[a] party may appear personally or may be represented by an attorney [or by] . . . a tax representative or agent," K.S.A. 2011 Supp. 74-2433f(f), it surely has not excluded non-attorneys from representing taxpayers in the small-claims division. The decision of the Court of Tax Appeals dismissing the appeal of Rakestraw Brothers is reversed, and the case is remanded for a hearing on the merits of that appeal.