No. 111,812

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DOUGLAS LANDSCAPE AND DESIGN, L.L.C.,
*Appellee*,

v.

DOUGLAS MILES and
CATHERINE MILES A/K/A CATHERINE EARNSHAW-HOBBS,
*Appellants.*

SYLLABUS BY THE COURT

1.

Kansas has closed-door statutes under which out-of-state companies that have not registered to do business in Kansas when required by law to do so may not maintain actions in the Kansas courts.

2.

K.S.A. 2014 Supp. 60-209(a)(2) provides that any party wishing to raise an issue about another party's ability to bring a lawsuit must raise the issue by specific denial. Accordingly, any claim that a company's failure to comply with Kansas business-registration requirements has triggered application of the Kansas closed-door statutes must be specifically raised in a party's answer or in a motion made before or with the filing of a responsive pleading. The failure to do so waives the defense that the opposing party lacked the legal capacity to bring suit.

3.

An issue not raised by the pleadings still may be tried by express or implied consent under K.S.A. 2014 Supp. 60-215(b)(2). For implied consent, the parties must be reasonably able to recognize that an issue not presented by the pleadings has entered the

case for trial. In addition, even if that requirement is met, the district court should consider whether the party against whom the issue was raised was prejudiced by the delay in raising the issue and had a fair opportunity to defend that issue.

4.

On the facts of this case, where the defendant did not raise the closed-door statute until after the plaintiff had rested its presentation of evidence at trial and the plaintiff's lack of registration in Kansas was only incidentally mentioned in evidence, the district court properly held that the issue of the plaintiff's capacity to sue had not been tried by consent.

5.

Parties to a written contract may make separate and additional oral agreements that alter the terms of the contract. Whether a written contract has been modified by a later agreement is a factual question.

6.

On the facts of this case, substantial evidence supported the district court's factual findings that the parties had entered into agreements for additional work to be performed beyond what had been called for under a written contract. In addition, substantial evidence supported the district court's damage award.

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed August 7, 2015. Affirmed.

*William G. Cownie*, of Lee's Summit, Missouri, for appellant.

*Mark Meyer*, of The Law Offices of Mark E. Meyer, L.L.C., of Lee's Summit, Missouri, for appellee.

2

Before HILL, P.J., GREEN and LEBEN, JJ.

LEBEN, J.: Doug Miles appeals a judgment entered against him for work performed on his house by a contractor, Douglas Landscape and Design, L.L.C. Miles argues that Douglas Landscape and Design should not have been allowed to sue Miles in a Kansas court because the company was doing business in Kansas without having registered to do so.

But a lawsuit defendant who claims that the plaintiff lacks the capacity to bring suit must make that claim in the answer filed at the beginning of the lawsuit. Miles did not do so; he first raised the issue midway through trial. So the district court correctly held that Miles had waived this defense.

Miles also argues that Douglas Landscape and Design should not have been awarded any damages beyond the contract price, which he had paid. But the principal owner of Douglas Landscape and Design, Douglas McMullen, testified that Miles had requested extra work beyond the contract, and McMullen's testimony about the work performed and its value supported the district court's award of additional damages. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Miles owns a home in Lenexa, and he contracted with Douglas Landscape and Design for remodeling work to the home. In a written contract, Miles and Douglas Landscape and Design agreed that the contractor would build a deck, a sunroom, and a concrete support for a lap pool for a price of $28,440.

After the work was finished, Douglas Landscape and Design sent a bill for additional work it said it had performed at Miles' request. That work included changing

3

the wall height in a sunroom, adjusting the door opening to the sunroom, changing existing windows, and excavating rock at the building site.

When Miles refused to pay the additional bill, the contractor sued him in Johnson County District Court.

Both parties presented evidence in a trial to the district court. At the conclusion of the plaintiff-contractor's evidence, Miles' attorney made an oral motion for judgment as a matter of law because Douglas Landscape and Design was not registered to do business in Kansas. The contractor's attorney asked for the opportunity to review that issue and file a brief in response, and the district court had Miles go ahead and present his evidence without ruling on the motion at trial.

At the end of the trial, the court gave the parties about 2 weeks to submit suggested factual findings and legal conclusions for the court to consider. In its later ruling, the court noted that these had been submitted and considered (though they are not included in the record on appeal or noted in the district court clerk's record of filings in the case).

The district court rejected Miles' defense that the plaintiff couldn't sue in a Kansas court, concluding that this was an affirmative defense that Miles should have raised in his answer to the petition, not midway through the trial. In addition, as an alternative basis for its ruling, the court concluded that Douglas Landscape and Design wasn't "doing business" in Kansas as that term is defined in the statutes that would require registration, so the failure to register didn't prevent the contractor from bringing suit in a Kansas court.

Substantively, the court found that—at Miles' request—Douglas Landscape and Design had done additional work beyond what had been called for under the parties'

4

contract. The court awarded $11,922.50 for that work plus court costs of $179.50, the fee paid to the clerk to file the lawsuit. Miles then appealed to this court.

We should note that Miles' wife, Catherine, was a defendant at trial too. But she is not a record owner of the home and didn't sign the written contract; the district court found that she didn't request the extra work, either. Accordingly, the court did not find her liable, and there are no issues concerning her on appeal.

ANALYSIS

I. *The District Court Did Not Err When It Refused to Allow the Defendant to Raise the Defense That the Plaintiff Lacked the Capacity to Sue in the Middle of the Parties' Trial.*

Miles' first argument on appeal is that Douglas Landscape and Design shouldn't have been allowed to sue him in a Kansas court at all, so the district court should have granted his mid-trial motion for judgment in his favor. To resolve this issue, we'll need to review the Kansas statutes that sometimes restrict the ability of out-of-state companies to sue in our courts as well as some civil-procedure rules.

Let's start with the statutory provisions limiting the ability of out-of-state companies to sue. Such statutes are colloquially called "closed-door statutes" because, when they apply, the courthouse doors are closed to their legal claims.

The Kansas closed-door statutes are found in K.S.A. 17-7307, applicable to out-of-state corporations, and K.S.A. 2014 Supp. 17-76,126, applicable to out-of-state limited-liability companies. Douglas Landscape and Design is a Missouri limited-liability company, so K.S.A. 2014 Supp. 17-76,126 applies here.

5

That statute provides that an out-of-state limited-liability company "doing business in the State of Kansas may not maintain any action, suit or proceeding" here "until it has registered in this state" and paid all fees due for having done business in Kansas without having registered to do so. K.S.A. 2014 Supp. 17-76,126. But the failure to register doesn't make contracts that an out-of-state company enters invalid or keep the company from being sued by another party in Kansas; the failure to register simply limits the ability of such a company to "maintain" a suit on its own behalf in Kansas.

Registration of out-of-state corporations and limited-liability companies is only required when they are "doing business" in Kansas, which is separately defined by statute. See K.S.A. 2014 Supp. 17-76,121a; K.S.A. 2014 Supp. 17-7932; 17A Fletcher, Cyclopedia of the Law of Corporations § 8466 (2015). Douglas Landscape and Design also contends—and the district court agreed—that it wasn't doing business in Kansas and thus wasn't required to register to do business here. If so, the closed-door statute wouldn't apply at all.

But we need not make that determination because the district court's ruling based on civil-procedure rules was on the mark, and that ruling properly left the parties' claims before the court to be decided on the merits. We turn next, then, to those civil-procedure rules. Because K.S.A. 2014 Supp. 60-209 is based on Rule 9 of the Federal Rules of Civil Procedure, we will consider federal caselaw interpreting that rule as well as Kansas caselaw applying our Kansas statute. Our courts have long considered federal precedents applying the parallel federal rules highly persuasive. *E.g.*, *Unwitting Victim v. C.S.*, 273 Kan. 937, 940-44, 47 P.3d 392 (2002); *Wilson v. Miller*, 198 Kan. 321, 323, 424 P.2d 271 (1967); *Lackey v. Medora Township*, 194 Kan. 794, 796, 401 P.2d 911 (1965); *In re Tax Appeal of Rakestraw Brothers*, 50 Kan. App. 2d 1038, 1043, 337 P.3d 62 (2014); *Mercy Regional Health Center v. Brinegar*, 43 Kan. App. 2d 156, 166, 223 P.3d 311 (2010).

6

K.S.A. 2014 Supp. 60-209(a)(1) provides that a party bringing a lawsuit does not need to allege in its pleadings that it has the legal capacity to bring suit. Instead, K.S.A. 2014 Supp. 60-209(a)(2) provides that any party wishing to raise an issue about another party's ability to bring suit "must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." In essence, the lack of capacity to sue must be specifically raised in defense to an opposing party's claim, just as other affirmative defenses to a claim must be raised. *Cf.* K.S.A. 2014 Supp. 60-208(c); see *Vorhees v. Baltazar*, 283 Kan. 389, 396-97, 153 P.3d 1227 (2007) (holding that failure to comply with K.S.A. 60-209[a] "must be regarded as waiver of the defense" of lack of capacity to sue); *DeSaracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (holding that defense of lack of capacity to sue, like the affirmative defenses listed in Fed. R. Civ. P. 8[c], is waived if not made in responsive pleading or by motion made before filing a responsive pleading); *Tri-Med Finance Co. v. National Century Financial Enterprises, Inc.*, 2000 WL 282445, at *4-5 (6th Cir. 2000) (unpublished opinion) (same); *Wausau Dev. Corp. v. Natural Gas & Oil*, 144 So. 3d 309, 314-15 (Ala. 2013) (holding claim that party lacks capacity to sue based on closed-door statute is waived if not pled as an affirmative defense); *Capco Acquisub, Inc. v. Greka Energy Corp.*, 145 N.M. 328, 343, 198 P.3d 354 (Ct. App. 2008) (same).

A lawsuit begins in Kansas through the filing of the plaintiff's petition and the defendant's answer in response. See K.S.A. 2014 Supp. 60-207(a). Douglas Landscape and Design noted in the first paragraph of its petition that it was a Missouri limited-liability company. Miles did not raise any issue in his answer about the plaintiff's capacity to bring suit against him. That waived the defense, and the district court properly said so. We review a district court's decision that a defense was waived for abuse of discretion; unless the district court's decision was based on an error of fact or law, we reverse only if no reasonable person would agree with its decision. *Wiles v. American Family Life Assurance Co.*, 302 Kan. ___, 350 P.3d 1071, 1077 (2015); *In re Metcalf*

7

*Associates-2000*, 42 Kan. App. 2d 412, 427, 213 P.3d 751 (2009), *rev. denied* 290 Kan. 1094 (2010). We find no abuse of discretion here.

Miles raises one further argument on this point. He contends that even if he initially waived the defense, the issue was tried by consent when his attorney asked questions at trial about the plaintiff's lack of registration to do business in Kansas.

Miles is right that an issue otherwise waived may yet find its way into a case at trial if the issue is tried by consent. Specifically, if an issue not previously raised is tried "by the parties' express or implied consent," then "it must be treated in all respects as if [it had been] raised in the pleadings." K.S.A. 2014 Supp. 60-215(b)(2).

Douglas Landscape and Design did not expressly consent to allow Miles to raise the closed-door statute. So we must determine what constitutes implied consent and whether, on the facts of this case, Douglas Landscape and Design impliedly consented to try this issue.

First, for an issue to have been tried by implied consent, the parties must have "recognized that an issue not presented by the pleadings [had] entered the case at trial." 6A Wright, Miller, Kane, Marcus & Steinman, Federal Practice & Procedure: Civil 3d § 1493 (2010). For a party to recognize that a new issue has entered the case, courts usually require more than an incidental reference to the issue: an issue is not tried by consent when "only inferentially suggested by incidental evidence in the record." *Campbell v. Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499, 506 (9th Cir. 1987).

Second, even if a party may have had sufficient cause to recognize that another party was introducing a new issue into the trial, courts still consider whether the party had a fair opportunity to defend the issue or was prejudiced by the delay in raising it. *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456-57 (10th Cir. 1982).

The questions that Miles contends notified the plaintiff that an issue involving the closed-door statute was being tried came at the beginning of the cross-examination of McMullen, the owner of Douglas Landscape and Design. McMullen admitted that his company wasn't "authorized to do business in Kansas . . . for this project," but that admission came during general questioning about contractor's licenses and other business licenses. We will set out the beginning of the McMullen cross-examination in full so that the reader may understand the context of his statements:

> "[Defendant's Counsel, William Cownie:] Sir, can we agree that when we're talking here today that we're talking about construction work you did at 7720 Constance, Lenexa, Johnson County?
>
> "[McMullen:] Yes.
>
> "[Cownie:] Okay. That's where the defendants live?
>
> "[McMullen:] 7728.
>
> "[Cownie:] 7728? Okay. Yeah. Good catch. My paper clip was on that part. 7728 Constance, Lenexa, Johnson County, Kansas?
>
> "[McMullen:] Yes.
>
> "[Cownie:] All right. Is it true that you did not have a business license from the City of Lenexa when you did this work?
>
> "[McMullen:] No, I did not.
>
> "[Cownie:] You never had a license from the City of Lenexa, a business license?
>
> "[McMullen:] Yes, I believe I have. It's been many, many years ago.
>
> "[Cownie:] Okay. And I think you testified under your direct exam that you have a limited liability company based in Lee's Summit?
>
> "[McMullen:] Yes.
>
> "[Cownie:] Okay. And I notice from your petition that you don't allege that your business was authorized to do business in the State of Kansas. Is that because you are not authorized to do business in the State of Kansas?
>
> "[McMullen:] I do not have a business license in the State of Kansas.
>
> "[Cownie:] Okay. Have you ever been authorized to do business in the State of Kansas?
>
> "[McMullen:] Yes.

"[Cownie:] But you were not for this project?

"[McMullen:] No.

"[Cownie:] Is it true that you did not have a contractor's license from Johnson County when you did this work?

"[McMullen:] Correct.

"[Cownie:] Okay. You never held a contractor's license from Johnson County?

"[McMullen:] No."

The cross-examination then continued for another 17 pages as transcribed by the court reporter; the section we have included in our opinion took 2 pages.

The questions asked here about whether the contractor was *licensed* to do work in the city of Lenexa or Johnson County were related to matters that Miles had raised in his pleadings. He had filed a counterclaim asserting that Douglas Landscape and Design had represented itself "to be a licensed building contractor, licensed to do business in Lenexa, Kansas[,] and in Johnson County, Kansas, which representation was false." Elsewhere in the counterclaim, Miles asserted that the work had been done poorly in many respects, causing damage to him in the form of extra expenses and repairs. Accordingly, the questions about city licensing or having a county contractor's license could have been relevant to show that the contractor wasn't aware of—and failed to comply with—local building codes, which resulted in substandard work and additional expense.

So only one inquiry during the cross-examination—whether Douglas Landscape and Design was "authorized to do business in the State of Kansas . . . for this project"— went beyond matters relevant to the construction-related issues raised in the pleadings. With only this limited inquiry and no mention of the closed-door statute, a reasonable person would not be aware that Miles was contesting the plaintiff's capacity to bring suit. Accordingly, the issue was not tried by consent. See *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002); *Campbell*, 817 F.2d at 506.

10

Even if Douglas Landscape and Design would have had cause to realize that Miles was introducing a new issue mid-trial, the prejudice that resulted from raising the issue late would also have been an adequate basis for the district court's ruling that the defense had been waived. The closed-door statute prevents an out-of-state company doing business in Kansas without registering from "maintain[ing]" a suit, but it doesn't explicitly bar it from *filing* one. Thus, courts generally provide some time for the company to come into compliance before dismissing a suit, and if the company complies, the suit can still proceed to trial. *E.g.*, *Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 936 (10th Cir. 1977) (applying Kansas law); *Corco, Inc. v. Ledar Transport, Inc.*, 24 Kan. App. 2d 377, Syl. ¶ 2, 946 P.2d 1009 (1997).

Whether an issue has been tried by consent is generally considered a matter within the trial court's discretion; it heard first hand whatever statements might have constituted implied consent, so its ruling on this question is reversed only on a showing that it abused its discretion. See *Butler v. HCA Health Svcs. of Kansas, Inc.*, 27 Kan. App. 2d 403, 420, 6 P.3d 871 (1999); 6A Federal Practice & Procedure 3d § 1493. The district court abuses its discretion only when no reasonable person would agree with its decision or the decision is based on an error of fact or law. *Wiles*, 350 P.3d at 1077.

The district court here made no finding about whether the issue was tried by implied consent; we have no indication that Miles asked it to (though the parties' proposed findings, filed after trial, are not in our record). In the absence of a request by a party to the district court for additional findings, though, we generally assume that the court made the findings necessary to support its ruling. See *State v. Longoria*, 301 Kan. 489, 506, 343 P.3d 1128 (2015); *State v. Gaither*, 283 Kan. 671, 686, 156 P.3d 602 (2007). We assume, then, that the district court concluded that the issue of the closed-door statute had not been tried by implied consent, and we find no abuse of discretion in that decision.

11

II. *The District Court's Judgment Is Supported by Substantial Evidence.*

Miles also contends that the district court's judgment is not supported by the evidence. He argues that Douglas Landscape and Design simply made a bad bargain, failing to accurately project what it would cost to complete the work.

The case was tried to the district court, sitting without a jury, so the parties' factual disputes were resolved by the district court. On appeal, we look to see whether its factual findings are supported by substantial evidence. *Schoenholz v. Hinzman*, 295 Kan. 786, 792, 289 P.3d 1155 (2012). Evidence is substantial if a reasonable person could accept it as sufficient to support a conclusion. *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014). After we review the district court's factual findings, we independently review its legal conclusions (assuming, as is true in this case, that the court was not making any discretionary, or judgment, calls). See *Gannon*, 298 Kan. at 1175; *Progressive Products, Inc. v. Swartz*, 292 Kan. 947, 955, 258 P.3d 969 (2011).

Miles contends that Douglas Landscape and Design wasn't entitled to any payment beyond the contract price. But the district court concluded as a factual matter that the parties had agreed to additional work beyond what was called for under the contract. The district court heard detailed testimony from McMullen that he had done additional work on the house that Miles had verbally requested and that had not been included in the written contract. The district court's finding that work was done beyond what the contract called for is also supported by Bruce Best, an architect, who testified that the original project drawings submitted to the city differed from what was actually built. He noted, for example, that the sunroom walls and windows were significantly higher than shown in the drawings.

This evidence and the district court's factual finding based upon it—that Douglas Landscape and Design did additional work at Miles' request beyond what the written

12

contract called for—also provides an adequate legal basis for the district court's judgment. Parties to a written contract may make separate and additional oral agreements that alter the terms of the contract. *Bailey v. Norton*, 178 Kan. 104, 109-10, 283 P.2d 400 (1955); *Saddlewood Downs v. Holland Corp., Inc.*, 33 Kan. App. 2d 185, 193, 99 P.3d 640 (2004). This is true even where the parties' written agreement provides that later changes must be made in writing, particularly where the parties disregarded that requirement throughout the performance of the agreement. *Owens v. City of Bartlett*, 215 Kan. 840, 845, 528 P.2d 1235 (1974); *Bailey*, 178 Kan. at 110. Whether a written contract has been modified by a later agreement is a factual question. *Belger Cartage Serv., Inc. v. Holland Constr. Co.*, 224 Kan. 320, 330, 582 P.2d 1111 (1978); *Saddlewood Downs*, 33 Kan. App. 2d at 194. And here the district court found, as a factual matter, that the parties *did* modify their contract by later oral agreements.

Miles also suggests that the evidence of the amount to be paid for the extra work was insufficient because no one tied specific amounts to specific work, such as adjusting the height of the walls in the sunroom or taking windows out on the back of the house. But evidence of damages need not be so precise; all that's required is some reasonable basis for computing the damage award. See *Martinez v. Milburn Enterprises, Inc.*, 290 Kan. 572, 611, 233 P.3d 205 (2010). McMullen testified that he had spent a total of 240 hours on additional work and that the value of this work was $14,432.50. The district court accepted that evidence, and a reasonable person could have accepted it as sufficient to represent the value of the additional work done. (The district court also determined that Miles was entitled to credits of $2,510, resulting in a net amount due of $11,922.50. The district court's finding about the $2,510 in credits is not contested by either party on appeal.)

We affirm the district court's judgment.

13