NOT DESIGNATED FOR PUBLICATION

No. 112,935

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE BROWN FAMILY TRUST,
JAMES S. BROWN, and
ARDYCE P. BROWN, CO-TRUSTEES,
*Appellees*,

v.

SHARON A. TAYLOR
and LARRY T. MELICH,
*Appellants.*

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed December 11, 2015. Affirmed in part, reversed in part, and remanded with directions.

*Sharon A. Taylor* and *Larry T. Melich*, appellants pro se.

*Rachel C. Whitsitt* and *Michael E. Whitsitt*, of Westwood, for appellees.

Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

LEBEN, J.: Sharon Taylor and Larry Melich appeal the judgment entered against them for $10,000 they owed on a loan to the Brown Family Trust, along with interest (pre- and postjudgment) and court costs. Taylor and Melich disputed that the loan they received had any fixed repayment date, a claim they renew on appeal. But Taylor and Melich signed a "Private Loan" document after they had received $11,000 from the Brown Family Trust, and in that document they agreed to repay the amounts owed "on or

before Thursday, May 31st, 2012." We find no error in the entry of judgment against Taylor and Melich on the loan.

The Brown Family Trust has cross-appealed on another issue. The trust's claim was initially granted by a law-trained magistrate judge in the Limited Actions Department of the Johnson County District Court. After judgment had been entered, Taylor and Melich moved for reconsideration. The magistrate judge found that much of the 26-page motion had no support in law or fact and entered a $400 sanction against Taylor and Melich to repay the Brown Family Trust for some of the attorney fees it incurred in responding to the motion.

Taylor and Melich appealed that ruling to a district court judge, as was the procedure at the time. The district judge set aside the $400 sanction, and Brown Family Trust has appealed that ruling to this court. We find that the district judge failed to apply the proper standard: Since the district court heard the matter on appeal, its role was limited to the normal role of an appellate court, *i.e.*, determining whether the magistrate judge had abused his discretion. Because he had not, we reinstate the $400 sanction.

I. *The District Court Did Not Err in Upholding Judgment Against Taylor and Melich for the Unpaid Loan Amounts*.

The Brown Family Trust filed a petition stating that it had loaned $11,000 to Taylor and Melich on or about April 12, 2010, and that Taylor and Melich had agreed in writing that the loan would be repaid by May 31, 2012. The Brown Family Trust attached the one-page "Private Loan" agreement to the petition.

Taylor and Melich filed an answer in which they admitted that they had borrowed $11,000 and had agreed to repay it but disputed any agreement to repay the loan by a specific date. Instead, they claimed the loan had been merely an oral agreement; they said

2

they had signed a document, at the request of the Brown Family Trust, only for appearances. On appeal to this court, Taylor and Melich argue that the loan could be repaid "whenever."

The district magistrate judge held a hearing on a motion by the Brown Family Trust for judgment on the pleadings. Taylor and Melich did not deny then, and do not deny now, that they signed the "Private Loan" agreement attached to the petition. After hearing from both parties, the court found that the written document signed by Taylor and Melich controlled the outcome. Although it was signed several days after the loan was funded, the district magistrate judge concluded that it represented the terms of the parties' prior oral agreement; the court noted that Taylor and Melich had already repaid $1,000. Written judgment was entered against Taylor and Melich on April 29, 2013.

Almost a year later, Taylor and Melich moved for relief from judgment under K.S.A. 2014 Supp. 60-260(b), but the magistrate judge denied that motion. Taylor and Melich appealed to a district judge, as then provided for by K.S.A. 2010 Supp. 61-3902(c), and the district judge concluded that the magistrate judge had not abused his discretion in denying the motion for relief from judgment.

The first issue we must address is whether the district magistrate judge abused his discretion in denying that motion. Whether to grant relief from judgment under K.S.A. 2014 Supp. 60-260(b) generally is a discretionary call for the trial court, which we will not reverse unless it abused its discretion. *In re Marriage of Leedy*, 279 Kan. 311, 314, 109 P.3d 1130 (2005). A district court abuses its discretion if its decision is based on an error of fact or law or if it represents a judgment call that no reasonable person would agree with. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *Douglas Landscape & Design v. Miles*, 51 Kan. App. 2d ___, 355 P.3d 700, 706 (2015).

We find no abuse of discretion here. Taylor and Melich signed a written loan agreement that clearly provided that the loan was to be paid "on or before Thursday, May 31st, 2012." While Taylor and Melich argue that some other terms in the agreement provide alternate dates for payment, they do not.

Specifically, the agreement provided that Taylor and Melich "grant first priority to this instrument in real estate closing distributions and/or probate claims." Based on that, Taylor and Melich argue that they had three options of when to repay the loan: (1) May 31, 2012; (2) when they sold the property they were using the loan proceeds to buy; or (3) when they have assets that go into probate (presumably when one or both of them dies). Contrary to this argument, however, the agreement provides a clear due date—May 31, 2012. The remaining language merely provides that the Brown Family Trust have priority over at least some other claimants in the event Taylor and Melich sell the property or their assets go into probate. The district court did not err in denying the motion to grant relief from judgment.

II. *The District Court Erred When It Set Aside the Sanctions Entered by the Magistrate Judge.*

The second issue on appeal requires that we spend some time reviewing the authority of each judge or court that has been involved in the case. Three judges or courts have been involved: Magistrate Judge Daniel W. Vokins, District Judge James F. Vano, and our court, the Kansas Court of Appeals. One, Judge Vokins, had a unique role in the case.

Judge Vokins is a law-trained magistrate judge, and, among other duties, he presides over what are called limited-action civil cases. Kansas has a Code of Civil Procedure for Limited Actions, K.S.A. 61-2801 *et seq.*, and it provides simplified procedures for some lawsuits that arise out of a contract or don't exceed $25,000. K.S.A.

4

61-2802(a). Either a magistrate judge or a district judge may preside over a limited-actions case. K.S.A. 20-301; K.S.A. 2014 Supp. 20-302b(a).

At the time Taylor and Melich appealed the judgment entered by Judge Vokins, Kansas law provided that the appeal be heard by a district judge: K.S.A. 2010 Supp. 61-3902(a) provided that "[a]ll appeals from orders, rulings, decisions or judgments of district magistrate judges under the code of civil procedure for limited actions shall be taken in the manner provided in subsection (a) of K.S.A. [2010 Supp.] 60-2103a," which provided that "all appeals from orders or final decisions of a district magistrate judge shall be heard by a district judge." (Today, appeals from magistrate judges who are admitted to practice law are taken directly to the Court of Appeals. K.S.A. 2014 Supp. 61-3902[c].)

So when Taylor and Melich initially appealed Judge Vokins' denial of their motion for relief from judgment, the case was sent to Judge Vano *on appeal*. At that point, Judge Vano should have applied the standards applicable when an appellate court reviews a trial-court ruling. In this case, some of the rulings made by Judge Vokins had an element of discretion about them. An appellate court does not make the discretionary call—the appellate court simply decides whether the trial judge has abused his or her discretion.

Judge Vano agreed with Judge Vokins' ruling on the merits of Taylor and Melich's motion to set aside the judgment, so his position as an appellate reviewer had no impact there. But Judge Vano found no evidence in the record that Judge Vokins had considered the appropriate factors before entering the $400 sanctions award, and Judge Vano vacated the award.

Imposing sanctions under K.S.A. 2014 Supp. 60-211, the underlying basis for Judge Vokins' order, is within the trial court's discretion. *Wood v. Groh*, 269 Kan. 420, 429, 7 P.3d 1163 (2000); see also K.S.A. 61-2908 (providing that K.S.A. 60-211 applies

5

to pleadings filed under Kansas Code of Civil Procedure for Limited Actions). Thus, Judge Vano's role on appeal was to review for abuse of discretion. *Wood*, 269 Kan. at 429. A trial judge abuses his or her discretion if the order is based on an error of fact or law or when no reasonable person would agree with the discretionary judgment call. *Northern Natural Gas Co.*, 296 Kan. at 935; *Douglas Landscape & Design*, 355 P.3d at 706.

At this point, the case is now on appeal to the Kansas Court of Appeals. We review legal questions independently, without deference to the trial court. See *John M. Denman Oil Co. v. Kansas Corporation Comm'n*, 51 Kan. App. 2d 98, 101, 342 P.3d 958, *rev. denied* 302 Kan. ___ (2015). But we give deference to the judgment calls of the trial judge. *E.g.*, *Leedy*, 279 Kan. at 314. Here, that means we give deference to Judge Vokins, not Judge Vano. Judge Vano simply heard the matter at the first level of appeal, as often occurs when a district judge's order is appealed to the Kansas Court of Appeals. If the work of the Court of Appeals is reviewed by the Kansas Supreme Court, that court gives deference to a trial judge's exercise of discretion, not to the ruling we made on appeal. *E.g.*, *Adamson v. Bicknell*, 295 Kan. 879, 887-93, 287 P.3d 274 (2012). The same is true when the Court of Appeals is the second level on appeal—we review legal issues independently, and the only deference we give on judgment calls is to the trial court. See *Four Seasons Mobile Home Community, LLC v. Craig*, No. 109,899, 2014 WL 1707933 (Kan. App. 2014) (unpublished opinion).

With those standards in mind, we make our review of Judge Vokins' decision to award a $400 sanction against Taylor and Melich.

The *Wood* case provides a list of nine factors for a court to consider when determining whether to sanction a party. 269 Kan. at 431. While our record does not demonstrate that Judge Vokins explicitly considered these factors, our court concluded in *In re Marrige of Bergmann & Sokol*, 49 Kan. App. 2d 45, 51-52, 305 P.3d 664 (2013),

that a judge need not have explicitly considered the factors when there is sufficient evidence that he or she considered all the evidence on the record when awarding sanctions.

We have reviewed the 26-page motion for relief from judgment and agree with Judge Vokins that it contains frivolous allegations, such as an allegation that the judgment should be set aside for fraud on the court, which was supported by reasons that are hard to decipher but do not show fraud on the court, such as:

- "WHEREBY the Document is laid out with a fragmented heading that towers over its minuscule two sentence, obnoxiously italicized body, and has only one party named across the bottom of its single page—leaving no room for any other party at *locus sigilli* for signatures to authenticate it as a meeting of any other minds. (Footnote defining the term "signature" omitted.)"
- "WHEREFORE Counsel was in violation of the ethical, and therefore, the moral standards of the Model Rules of Professional Conduct, as adopted by Kansas Supreme Court Rule 226, when it attempted to meet a plaintiff's burden of pleading by proffering to the court a structurally self-contradicting, perversely issued, *ex parte* (to its client), ambiguously conditioned, potentially real estate '*and/or*' probate interested, unilaterally authenticated, undefinably titled document as its only evidence, Movants call on the cognizance of the Court to acknowledge this as an act of <u>forsaking a moral obligation</u>. (Footnotes omitted.)"

While it would have been preferable had Judge Vokins explicitly referred to the *Wood* factors, Taylor and Melich did not ask Judge Vokins for any additional findings or explanation of his ruling. When no request is made to the trial judge for additional findings, we generally presume that the judge has made the necessary factual findings and legal conclusions to support his or her decision. *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006); see also *State v. Johnson*, 258 Kan. 61, 65, 899

P.2d 1050 (1995) (noting that trial judge is presumed to know the law); *Chance v. State*, 195 Kan. 711, 715, 408 P.2d 677 (1965) (same). And we held in *Bergmann* that explicit analysis of the *Wood* factors is not required to uphold sanctions. A reasonable person could agree with Judge Vokins' decision, and we find no abuse of discretion in the award of $400 in sanctions.

We reverse the district court's order setting aside the award of $400 in sanctions, remand the case with directions to the district court to reinstate the sanctions award, and otherwise affirm the district court's judgment.