No. 51,784

COMANCHE COUNTY HOSPITAL, *et al., Appellees,* v. BLUE CROSS OF
KANSAS, INC., *Appellant.*

(613 P.2d 950)

Opinion filed July 18, 1980.

*Harold S. Youngentob,* of Goodell, Stratton, Edmonds, Palmer & Wright, of
Topeka, argued the cause, and *Gerald L. Goodell,* of the same firm, was with him
on the briefs for the appellant.

*Robert J. Roth,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the
cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This is the third chapter in continuing litigation
arising from conflicting ideas on how to contain spiraling hospi-
tal service costs in Kansas. The first chapter was written in *Blue
Cross & Blue Shield v. Bell,* 227 Kan. 426, 607 P.2d 498 (1980),
where it was held that Fletcher Bell, Commissioner of Insurance
of Kansas, had the statutory duty and authority under K.S.A.
40-1806 and 40-1906 to review rate filings of Blue Cross and Blue
Shield, and to consider, among other things, the trend projections
and reasonableness of projected loss experience used in the rate
filings. In order for him to approve rate filings as being reasonable
the Commissioner insisted that Blue Cross enter into prospective
cost review contracts with hospitals in Kansas, which contracts
appeared to the Commissioner to provide some control over
spiraling hospital service costs. The contracts which were to be

replaced were described as the 1970 retrospective contracts. Under this form of contract member hospitals are reimbursed at the end of each year to the extent of one hundred four percent (104%) of allowable costs of furnishing hospital services.

The second chapter was written in *Augusta Medical Complex, Inc. v. Blue Cross,* 227 Kan. 469, 608 P.2d 890 (1980). In *Augusta* a provision for termination contained in the 1970 retrospective contracts was construed by this court and it was determined that Blue Cross had exercised the right of termination as required by the contract and twenty-one hospitals, including Augusta Medical Complex, Inc., had been terminated and were no longer member hospitals of Blue Cross of Kansas, Inc., unless they signed new prospective rate review contracts.

The present appeal is the third chapter and presents a single, limited question. Did the trial court err in granting a temporary injunction pending a trial of the case on the merits?

This action was commenced by Comanche County Hospital and others seeking a declaratory judgment as to the rights of the parties under the 1970 retrospective contracts entered into between the individual hospitals and Blue Cross of Kansas, Inc. The hospitals are seeking specific performance of the 1970 retrospective contracts. Blue Cross is contending the 1970 retrospective contracts are no longer in effect.

The controversy among these parties arises a little differently than did the controversy in *Augusta.* Here the hospitals did sign the 1978 prospective rate review contracts. However, it was conceded below at the hearing on the temporary injunction that 75% of the member hospitals with 75% of the hospital beds had not signed the 1978 contract. The 1970 contracts of these hospitals contained the identical provision for replacement contracts which was discussed in the *Augusta* case. The provision reads:

"3. This agreement may be modified or may be replaced with a new agreement when the modification or the new agreement is approved by at least 75% of the Member Hospitals in the Kansas Blue Cross service area representing at least 75% of the beds and approved by the Blue Cross Board of Directors."

The pleadings and evidence introduced at the hearing to obtain the temporary injunction clearly indicate that in the present case Blue Cross did not serve or attempt to serve a notice of termination as provided for in the 1970 retrospective agreement, which termination provision reads:

"2. This agreement may be terminated by either party on prior written notice to the other, and in the event of such termination the obligations of both parties shall continue under this agreement until the expiration of a period of six months following the first of the month after notice of termination is given. This agreement will automatically be terminated at the time the Hospital changes ownership or leasing agreement for total operation."

The present controversy centers around letters from Blue Cross that indicate the 1978 contracts were signed by the hospitals and in force, that the hospitals have notified Blue Cross they did not consider themselves bound by and would not comply with the 1978 contracts, and that such refusal to comply was considered by Blue Cross as a breach of contract which terminated the hospitals' membership status with the Blue Cross plan.

During the pendency of the present declaratory judgment action Blue Cross advised these hospitals that since they were no longer member hospitals Blue Cross felt an obligation to notify Blue Cross subscribers that these particular hospitals were no longer considered to be member hospitals. Under the subscribers' Blue Cross policies the subscribers were only entitled to reimbursement for 80% of hospital service costs incurred at non-member hospitals. With the controversy in this particular posture the hospitals applied for and obtained the temporary injunction against further action by Blue Cross, pending a final determination of the issues in this case.

As previously stated the issue presented in this appeal is a narrow one and concerns only the trial court's action in granting the temporary injunction.

The purpose of a temporary injunction is not to determine any controverted right, but merely to prevent a threatened act which might perpetrate an injury, lessen the value of a claimed right or cause total loss of a claimed right pending final determination of the controversy between the parties. The grant of a temporary injunction would not be proper if it would appear to accomplish the whole object of the suit without bringing the cause or claim to trial. A temporary injunction merely preserves the status quo until a final determination of a controversy can be made. *In re Sharp,* 87 Kan. 504, 124 Pac. 532 (1912); 61 A.L.R. 925; 42 Am. Jur. 2d, Injunctions § 13, pp. 740, 741.

In *Augusta Medical Complex, Inc. v. Blue Cross,* 227 Kan. at 473, it is stated:

"It is well established that a trial court is vested with a large measure of

discretion in granting a temporary injunction, and that appellate courts will not interfere absent a manifest abuse of discretion. [Citations omitted.] In order to prevail on this appeal, Blue Cross has the burden of showing that the trial court clearly abused its discretion in granting the temporary injunction."

At the hearing on the temporary injunction it was orally stipulated by the parties that if Blue Cross terminated the membership status of the hospitals and notified the subscribers of the non-membership of the hospitals, such action would have the following effects:

"Possible loss of revenues because they would be reimbursed by Blue Cross at the rate of 80 percent of charges instead of 100 percent of the allowable cost plus 4 percent. B—Possible loss of patients who are Blue Cross subscribers wanting to obtain services where they would be reimbursed 100 percent of charges less their deductible. C—Possible difficulty in collecting the 20 percent from subscribers or patients. D—Possible loss of the staff doctors wanting to place patients in the hospital where patients will receive 100 percent coverage of charges. E—Possible failure to obtain assignments from subscribers from Blue Cross to reimburse hospitals directly. F—Possible delay in reimbursement of Blue Cross will cause cash-flow problems."

In reviewing the grant of a preliminary injunction the appellate court should examine the record only to determine if there were any reasonable grounds for the action of the court below; if there were the grant should be affirmed. *Augusta Medical Complex, Inc. v. Blue Cross,* 227 Kan. at 473, and cases therein cited.

It is apparent under the facts and circumstances, which include the stipulated effects of placing these hospitals in a nonmember status with Blue Cross, the granting of the temporary injunction was proper.

The parties to this appeal have briefed and argued many of the issues to be determined by the trial court on final determination of this declaratory judgment action. These issues will not now be addressed. It was agreed that the single issue properly before this court concerns the propriety of issuing the temporary injunction. We hold it was proper to issue the same and the judgment is affirmed.

HERD, J., not participating.