No. 59,501

OMNI OUTDOOR ADVERTISING OF MISSOURI, INC., *Appellant*, v. CITY
OF TOPEKA, *Appellee*.

(734 P.2d 1133)

Opinion filed March 27, 1987.

*T. L. Green*, of Green and Howland, of Topeka, argued the cause, and *Steven F. Kearney*, of the same firm, and *Dan Biles*, of Gates & Clyde, Chartered, of Overland Park, were with him on the brief for the appellant.

*Elsbeth D. Schafer*, assistant city attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an action for injunctive and declaratory relief, commenced by the plaintiff Omni Outdoor Advertising of Missouri, Inc., against the defendant, City of Topeka, arising out of the enactment on October 22, 1985, and the enforcement by the City of an ordinance regulating billboards. After a hearing on Omni's application for a temporary injunction, the trial court denied not only the temporary injunction sought, but denied plaintiff's prayer for declaratory and injunctive relief, and entered judgment against Omni on the merits. Omni appeals.

It first contends that the trial court erred in determining the action on its merits following a hearing on Omni's application for a temporary injunction. It argues that it was not provided with a trial on the merits of the action, and that this amounts to a denial of procedural due process. We will address only this issue, since we deem it dispositive of the appeal.

Omni is a Missouri corporation authorized to do business in Kansas. It is in the business of locating sites for, constructing, and selling advertising space on outdoor billboards. In 1985, it researched the existing Topeka City ordinances and the City's outdoor advertising market to evaluate the potential success of new outdoor advertising business in the area. Thereafter, it began to lease sites and to apply for sign permits under the then-existing Topeka billboard ordinance. In September and October 1985, Omni paid the required fees and the City issued to it permits for approximately 39 billboard locations. On October 15, the Mayor introduced a new billboard ordinance and the City Council enacted the new ordinance on October 22, 1985. The new ordinance repealed the earlier ordinance under which Omni's permits were issued. The new ordinance became effective upon publication on October 30, 1985.

The new ordinance contains the following provision:

"Permits which have been issued prior to the effective date of this ordinance shall become null and void after sixty days from the effective date of this ordinance *unless work is commenced towards the completion of the structural elements of the sign.*" (Emphasis supplied.)

On November 5, 1985, the City notified Omni by letter that its existing permits would be void pursuant to the new ordinance if "substantial structural work is not completed within 60 days of the passage of the ordinance." On January 3, 1986, the City notified Omni by letter that 36 of its permits were cancelled. Omni contacted the City by phone and was advised that the City had inspected the site locations and was cancelling permits for all sites where the pipe to support the sign was not in place. Omni contends that this was the first notice it had that the City construed the language of the ordinance, "unless work is commenced towards the completion of the structural elements of the sign," to mean *unless the pipe to support the sign has been installed.* Omni immediately applied for an extension of time as allowed by the ordinance, but that request was summarily denied.

On January 14, 1986, the City issued a notice to Omni that it was in violation of the city code for constructing billboards without a valid permit, and on the same day the City filed suit against Omni in the municipal court of Topeka and secured an ex

parte injunction enjoining Omni from further construction. The merits of that lawsuit are not before us.

On February 13, 1986, Omni commenced this action, alleging various constitutional infirmities in the ordinance and the enforcement thereof, and seeking declaratory relief and a temporary and permanent injunction. It filed an application for a restraining order pursuant to K.S.A. 60-903. Before proceeding further, we set forth the applicable statutes, K.S.A. 60-901, -902, -903, and -905:

"60-901. **Nature of injunction.** Injunction is an order to do or refrain from doing a particular act. It may be the final judgment in an action, and it may also be allowed as a provisional remedy."

"60-902. **Provisional remedies; when granted.** When it appears by a verified pleading or affidavit that a party is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to a party; or when during the litigation it appears that a party is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of a party's rights respecting the subject of the action, or tending to render the judgment ineffectual, an order may be granted to restrain such act."

"60-903. **Restraining order.** (a) *No notice or bond required.* A restraining order may issue without notice or bond, except as provided in K.S.A. 60-904(b), but if it appears to the judge that a restraining order may result in damage to the party restrained, a bond to secure payment of any damages sustained may be required. An application for a restraining order shall also be considered as an application for a temporary injunction and either party may give notice of hearing thereon. The order shall remain in force until the hearing on the application for a temporary injunction.

"(b) *Service.* Where a restraining order is issued without notice it shall be served upon each party restrained in the manner prescribed for serving a summons."

"60-905. **Temporary injunction; notice, hearing and bond.** (a) *Notice and hearing.* No temporary injunction shall be granted until after reasonable notice to the party to be enjoined and an opportunity to be heard.

"(b) *Bond.* Unless otherwise provided by statute, no temporary injunction shall operate unless the party obtaining the same shall give an undertaking with one or more sufficient sureties in an amount fixed by the judge and approved by the clerk of the court, securing to the party injured the damages he or she may sustain including attorney fees if it be finally determined that the injunction should not have been granted."

Since we will refer later in this opinion to the federal rule governing the issuance of temporary injunctions (called preliminary injunctions), we quote it here for convenience. Fed. R. Civ. Proc. 65 reads:

"(a) **Preliminary Injunction.**

"(1) *Notice.* No preliminary injunction shall be issued without notice to the adverse party.

"(2) *Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury."

Following a hearing on the motion for a restraining order at which time counsel for both parties appeared, the trial court granted a restraining order without bond until further order of the court. The order granting the restraining order concluded with the following language:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall not be required to post a bond *pending hearing on the corresponding temporary injunction.*" (Emphasis supplied.)

The matter was set for hearing. On March 13, 1986, the City filed its memorandum in opposition to plaintiff's request for preliminary injunctive relief. On March 14, plaintiff filed its memorandum in support of temporary injunction. The hearing was held on March 14. At the outset, the trial court announced: "We've called Omni Outdoor Advertising against the City, 86-CV-213, for hearing on the Application for Temporary *and Permanent* Injunctive Relief filed by the plaintiff." Both parties appeared by counsel. The only evidence before the court was a joint stipulation of the parties, detailing the city code, the new ordinance, letters exchanged between the parties, and the like; an affidavit of plaintiff's vice-president, Daniel L. Hardin; and copies of the motion for injunctive relief filed by the City in Municipal Court, and the order issued by that court. Throughout the hearing, counsel for the plaintiff and for the City referred to the hearing as one for preliminary injunction, and made statements such as: "by the time we get to the trial of the merits on this case" or "between now and the time for the permanent injunction hearing." Clearly, counsel did not catch the trial

court's introductory remark about the hearing being one on plaintiff's application for permanent injunctive relief. There is nothing in the record to indicate that the trial court gave counsel advance notice that the hearing on the application for temporary injunction would be combined with a trial on the merits, and no stipulation of counsel to that effect. At the conclusion of the hearing, the trial court took the matter under advisement, and on April 10, 1986, issued its comprehensive memorandum decision and order, denying declaratory and injunctive relief, and deciding the lawsuit on the merits adversely to Omni. Omni appeals.

Omni contends that it was provided no trial on the merits. It received no notice that the hearing on the temporary injunction was to be consolidated with or considered a trial of the action on the merits. It complains that additional facts relevant to the legal issues would be sought through discovery, and would be presented at trial. Significantly, the joint stipulation filed by the parties recited that the stipulations were "subject to subsequent proof and cross examination upon the trial of the merits." Omni contends that the parties agreed not to introduce testimony at the hearing on the preliminary injunction and not to conduct discovery prior thereto.

Omni contends that discovery would have disclosed a discriminatory enforcement policy on the part of the City in favor of one of Omni's competitors; that vagueness of the ordinance would be demonstrated because different interpretations of the crucial language was given at various times by City officials; and that Omni would be able to demonstrate, on a site-by-site basis, that it did have a vested property interest in its building permits. It also contends that evidence of exactly when and how the City determined what would constitute compliance with the ordinance is a very important fact which was not available to the court and could be obtained only through discovery which Omni intended to conduct prior to trial on the merits. The suggested evidence appears relevant to Omni's substantive claims.

K.S.A. 60-905 contains no specific authority for the consolidation of a preliminary injunction hearing with trial on the merits, and we find no Kansas case directly in point. Our cases merely state the purpose of a preliminary injunction is to preserve the status quo until a final determination of the controversy can be

made. *U.S.D. No. 503 v. McKinney*, 236 Kan. 224, 228, 689 P.2d 860 (1984); *Comanche County Hospital v. Blue Cross of Kansas, Inc.*, 228 Kan. 364, Syl. ¶ 1, 613 P.2d 950 (1980).

The federal counterpart, Fed. R. Civ. Proc. 65, quoted above, specifically provides for the consolidation of the hearing on the application for a preliminary injunction with trial on the merits.The federal appeals courts have been alert to the problems faced by counsel when the hearings are consolidated, however, since as in Kansas, the burden placed upon a litigant seeking a temporary or preliminary injunction is different from that placed upon one seeking a permanent injunction. Thus, the federal courts have required adequate and unambiguous notice to the parties if there is to be a consolidation. The general rule followed in a majority of the circuits is stated in *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972):

"If a consolidation of a trial on the merits with a hearing on a motion for a preliminary injunction is to be ordered, the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial. Different standards of proof and of preparation may apply to the emergency hearing as opposed to the full trial."

This or a similar notice requirement has been recognized in *Warehouse Groceries Management v. Sav-U-Warehouse*, 624 F.2d 655, 657 (5th Cir. 1980); *Reese Pub. Co. v. Hampton Intern. Communications*, 620 F.2d 7, 12 (2d Cir. 1980); *Acha v. Beame*, 531 F.2d 648, 651 (2d Cir. 1976); *Fenstermacher v. Philadelphia National Bank*, 493 F.2d 333, 337 (3d Cir. 1974); and *Eli Lilly and Company v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106 (5th Cir. 1972). See *Gellman v. State of Maryland*, 538 F.2d 603 (4th Cir. 1976); *Dry Creek Lodge, Inc. v. United States*, 515 F.2d 926 (10th Cir. 1975); *Santiago v. Corporacion de Renovacion Urbana, Etc.*, 453 F.2d 794 (1st Cir. 1972).

The federal case law also provides examples of adequate and inadequate notice. In *Reese Pub. Co.*, 620 F.2d at 12, the court found notice adequate where "the court repeatedly made clear its intention to consolidate unless there were any 'material

disputed issues of fact.'" The court also asked the parties whether there was any reason the case should not be given "accelerated treatment." No such notice was given in the case at bar.

The Seventh Circuit found notice inadequate when the trial court stated after the first day of testimony:

"'Now I am going to insist, counsel, that whatever your total case is, and I want to give you every reasonable opportunity to put it in, that you complete it before I request the defendants to go ahead.'" *Pughsley*, 463 F.2d at 1056.

Similarly, in *Warehouse Groceries Management*, 624 F.2d at 657, the Fifth Circuit found notice inadequate where the trial court notified the parties before the case went to trial that it "might" enter an order of consolidation and then entered an order of consolidation on the same date as the final judgment in the case.

Returning to the case before us, we know of no reason why a Kansas trial court cannot consolidate a hearing on a motion for a temporary injunction with a trial on the merits of an injunction action, providing that no prejudice results to the parties. Factors to be considered include but are not limited to the parties' preparedness for trial, including the completion of or the need for additional discovery, the availability at the hearing of evidence which either party proposes to introduce upon trial, the issues involved, and the adequacy of time which the parties have to prepare for the hearing. If the parties agree to consolidation, then with the court's consent consolidation may be ordered. If the parties do not agree, then the trial court must determine whether or not there is to be a consolidation. If the court determines to consolidate, all parties must be given adequate, clear, and unambiguous notice of the consolidation.

Here, we hold that Omni was not given notice that the hearing on the application for a temporary injunction was to be consolidated with a trial of the action on the merits, and Omni sustained actual prejudice. For this reason, the judgment of the district court must be reversed. We have not considered, and make no ruling upon, the substantive issues raised in the briefs.

The judgment is reversed, and the case is remanded to the trial court for further proceedings in conformity with this opinion.

LOCKETT, J., concurring and dissenting: I concur with the majority that the trial court's consolidation of the temporary injunction and the permanent injunction for trial on the merits, without the agreement of all of the parties, was improper. I must dissent from that portion of the opinion modifying K.S.A. 60-905 to conform to Fed. R. Civ. Proc. 65.

After admitting that K.S.A. 60-905 contains no specific authority for the consolidation of the hearing, the majority then rewrites the statute. Justice Miller states for the majority, "[W]e know of no reason why a Kansas trial court cannot consolidate a hearing on a motion for a temporary injunction with a trial on the merits of an injunction action, providing that no prejudice results to the parties." I suggest that there are at least two basic reasons why this court cannot modify our state procedure to conform to the federal procedure: (1) the separation of powers doctrine which prohibits the courts from legislating, and (2) the longstanding and well-established rule of this court that where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. *In re Mary P.*, 237 Kan. 456, 701 P.2d 681 (1985) (Miller, J.).