IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,495

DAVE JENNINGS and EMILY MCLEOD,
*Appellants*,

v.

ELIZABETH SHAUCK,
*Appellee*.

SYLLABUS BY THE COURT

1.

It is legal error, and thus an abuse of discretion, for a district court to expand the scope of a hearing beyond the extent specified by adequate, clear, and unambiguous notice given to all parties before the hearing begins.

2.

When the improper expansion of the scope of a hearing results in prejudice to an affected party, the error is reversible.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 20, 2023. Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Submitted without oral argument November 3, 2023. Opinion filed May 3, 2024. Judgment of the Court of Appeals reversing the district court is affirmed in part and reversed in part. Judgment of the district court is reversed, and the case is remanded.

*Joseph W. Booth*, of Lenexa, was on the briefs for appellants.

*Julie J. Gibson* and *Matthew J. Brooker*, of Matteuzzi & Brooker, P.C., of Overland Park, were on the briefs for appellee.

The opinion of the court was delivered by

WILSON, J.:  At the heart of this case lies a dispute over the ownership of Oscar, a purebred Cane Corso show dog. On one side of the dispute stands Oscar's breeder, Elizabeth "Betsy" Shauck; on the other, Dave Jennings and Emily McLeod, who have raised Oscar since puppyhood.

But the procedural history of the case precludes us from reaching the heart of the matter, and we conclude that both the Kansas Court of Appeals panel and the district court acted prematurely in doing so. Consequently, we affirm in part and reverse in part the decision of the panel, reverse the decision of the district court, and remand to the district court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Because the issues before us primarily concern the procedural aspects of the case, we refer to the panel's recitation of the underlying facts. Briefly, Oscar is an award-winning show dog. Betsy claims she owns Oscar. Dave and Emily claim they do. Dave and Emily petitioned to quiet title to Oscar against Betsy. Betsy counterclaimed for breach of contract, replevin, conversion, for a restraining order and preliminary injunction, and to quiet title. Her preliminary injunction counterclaim asked the district court to enjoin Dave and Emily "from harboring Oscar, ordering his immediate return to [Betsy], and restraining [Dave and Emily] from neutering him."

On March 11, 2020, Betsy filed and served a notice of hearing, which stated: "Please take notice that Defendant will call up for hearing her Request for Preliminary Injunction on the 9th day of April, 2020, at 9:30 a.m. . . . ." But on April 9, 2020, no hearing was held. The COVID-19 pandemic delayed the hearing for months.

2

Betsy filed a brief on October 14, 2020, which she submitted "for the Court's consideration in relation to the evidentiary hearing on [Betsy's] preliminary injunction seeking the return of her purebred Cane Corso named Oscar. The hearing is to be held via Zoom on Wednesday, October 14, 2020 beginning at 9:30 a.m." The brief addresses the issues *Betsy* had the burden to prove in order to prevail in her counterclaim for preliminary injunction. The brief discussed the underlying merits of the lawsuit within the context of the likelihood that Betsy would eventually succeed on the merits, which Betsy was required to prove, among other things, to get a preliminary injunction.

On October 23, 2020, Dave and Emily filed a brief, entitled "Plaintiffs' Trial Brief on Injunction Issues." It states in part: "This matter is before the Court at this time on Defendant's Counterclaim for a preliminary injunction (Count V of Counterclaim.) Part of the testimony was heard on October 14, 2020, with additional witnesses to be heard on October 28, 2020." And on October 27, 2020, Betsy filed a response to Dave and Emily's brief. In all respects, the parties confined the arguments in their briefs to the preliminary injunction burden of proof.

The district court held a three-day hearing on October 14, October 28, and November 19, 2020, via zoom. When the hearing began, neither the district court nor the parties mentioned the hearing's purpose or scope. The court admitted various exhibits by stipulation and the parties presented testimony from eleven witnesses—six for Dave and Emily (including themselves), and five for Betsy (including herself). The attorneys did not offer any legal argument, instead apparently relying on their trial briefs.

The district court filed a Memorandum Decision on November 25, 2020. But instead of ruling only on the motion for preliminary injunction, the Memorandum Decision made findings of fact and conclusions of law on the merits of *all* issues pending

3

in the underlying lawsuit, including Oscar's ownership, contract disputes, and damages. The court clarified no further evidence or hearings would occur. The case was over.

Dave and Emily appealed and Betsy cross-appealed.

Dave and Emily first argued that the district court denied their due process rights by deciding the case on the merits when it had only set the hearing on Betsy's preliminary injunction. In response, Betsy's attorneys executed affidavits, which they attached to her brief. These affidavits purported to explain what happened when the district court addressed counsel after the hearing ended. But the panel refused to consider the affidavits because they were not a part of the record. *Jennings v. Shauck,* No. 123,495, 2023 WL 334765, at *7 (Kan. App. 2023) (unpublished opinion). The panel then held that the district court violated Dave and Emily's due process rights by expanding the scope of the hearing without notice. 2023 WL 334765, at *9. Rather than remand the case, though, the panel analyzed the parties' ownership interests in Oscar and, ultimately, held that Dave and Betsy co-owned Oscar. 2023 WL 334765, at *12. Betsy then petitioned this court for review, which we granted.

ANALYSIS

*The panel correctly concluded that the district court erred by expanding the scope of the hearing on Betsy's request for a preliminary injunction.*

Betsy first challenges the panel's holding that the district court violated Dave and Emily's due process rights by expanding the scope of the hearing without notice. Betsy argues that the parties litigated the matter "by consent" and claims the record supports the district court's discretionary decision to expand the scope of the hearing.

4

*Standard of review*

The parties agree that an appellate court reviews a district court's decision to expand the scope of a hearing for abuse of discretion. "A district court judge commits an abuse of discretion by (1) adopting a ruling no reasonable person would make, (2) making a legal error or reaching a legal conclusion not supported by factual findings, or (3) reaching a factual finding not supported by substantial competent evidence." *State v. Alfaro-Valleda*, 314 Kan. 526, 533-34, 502 P.3d 66 (2022).

The panel applied this standard. *Jennings*, 2023 WL 334765, at *7. Because we conclude the district court erred in any event, we assume without deciding that a district court may, in certain circumstances, consolidate a hearing on a preliminary injunction with a trial on the merits, even though Kansas statutes do not specifically allow it. See *Omni Outdoor Advertising of Missouri, Inc. v. City of Topeka*, 241 Kan. 132, 138, 734 P.2d 1133 (1987). But Dave and Emily also framed their claim as a violation of due process, and "[w]hether the trial court violated an individual's due process rights is a question of law, to which this court exercises unlimited review." *State v. Holt*, 285 Kan. 760, 774, 175 P.3d 239 (2008).

*Discussion*

The panel held that the record did not show the district court gave notice to the parties that it intended to rule on anything beyond Betsy's request for a preliminary injunction. *Jennings*, 2023 WL 334765, at *7. We agree. And the record shows notice given to the court and opposing parties of a hearing only on the request for preliminary injunction. The record is bereft of any notice to the court and parties of a hearing on anything more than the preliminary injunction. Betsy does not renew her claim that the

5

court can consider her attorneys' affidavits about what transpired off-the-record at the end of the hearing, and we thus leave undisturbed the panel's rejection of these affidavits as outside the scope of the record on appeal. *Jennings*, 2023 WL 334765, at *7.

Instead, Betsy cites two entries in the district court's register of actions and an excerpt from the district court's Memorandum Decision as proof that the "merits had been tried by consent" and, thus, the district court did not err by expanding the scope of the hearing. We disagree. First, we find *Douglas Landscape & Design v. Miles*, 51 Kan. App. 2d 779, 355 P.3d 700 (2015)—the case Betsy cites for her "tried by consent" argument— inapposite. In *Douglas Landscape*, a panel of the Court of Appeals considered whether it was possible to litigate a defense during trial "'by the parties' express or implied consent'" under K.S.A. 2014 Supp. 60-215(b)(2), when that defense had been "initially waived" before trial. 51 Kan. App. 2d at 784. The *Douglas Landscape* panel acknowledged it was possible to litigate the newly raised defense, given such mutual party consent.

But K.S.A. 2023 Supp. 60-215 addresses amending and supplementing *pleadings*. Pleadings are statutorily restricted to specific court filings. K.S.A. 2023 Supp. 60-207(a). K.S.A. 2023 Supp. 60-215 (b) applies to new issues in the pleadings that are presented *at trial*; it does not permit a district court unilaterally to accelerate the procedural phase of a case from a preliminary hearing to a final trial on the merits. K.S.A. 2023 Supp. 60-215 does not apply here. We thus find no legal support for Betsy's "tried by consent" argument.

Rather than address Betsy's "trial by consent" argument, the panel considered whether the district court could, under *any* circumstance, consolidate "a preliminary injunction hearing with a trial on the merits." *Jennings*, 2023 WL 334765, at *7 (citing *Omni*, 241 Kan. at 138). In *Omni*, a majority of the Kansas Supreme Court held there was no reason the preliminary injunction hearing and trial could not be consolidated, provided

no prejudice results to the parties. 241 Kan. at 138. The court reached this conclusion even though the Kansas statute does not specifically allow such consolidation and the statute's federal counterpart specifically does allow it. See K.S.A. 60-905; Fed. R. Civ. Proc. 65(a)(2). As the court further explained:

> "Factors to be considered include but are not limited to the parties' preparedness for trial, including the completion of or the need for additional discovery, the availability at the hearing of evidence which either party proposes to introduce upon trial, the issues involved, and the adequacy of time which the parties have to prepare for the hearing. If the parties agree to consolidation, then with the court's consent consolidation may be ordered. If the parties do not agree, then the trial court must determine whether or not there is to be a consolidation. If the court determines to consolidate, all parties must be given adequate, clear, and unambiguous notice of the consolidation." *Omni*, 241 Kan. at 138.

The majority then reversed the district court's decision because the district court failed to notify Omni—the losing party below—of its intent to consolidate the hearing on the preliminary injunction with a trial on the merits, and because Omni sustained "actual prejudice" from the lack of notice. *Omni*, 241 Kan. at 138.

Although the *Omni* court was not unanimous in its approach, it has remained unchallenged for nearly 40 years. *Omni*, 241 Kan. at 139 (Lockett, J., concurring in part and dissenting in part) (accusing the majority of "rewrit[ing]" K.S.A. 60-905 to conform with Fed. R. Civ. Proc. 65, since nothing in the plain language provided for such consolidation). In any event, the parties do ask us to revisit *Omni*. We thus assume without deciding that the panel correctly considered the district court's decision under the *Omni* framework.

Within that framework, the panel correctly held the district court erred. To begin, we find Betsy's citations to the record—two entries in the district court's register of

7

actions and a line from the district court's Memorandum Decision—fail to show "adequate, clear, and unambiguous notice of the consolidation." *Omni*, 241 Kan. at 138.

The first entry referenced by Betsy is the court's own note, which says: "ROA Date: 11/19/2020 . . . Parties excused and court talked briefly with counsel off the record and giving them until Tuesday 11/24/2020 to work out and [*sic*] agreement. Recess to allow for court to issue a memorandum decision . . . . "

The second entry Betsy references is also the court's own note, which says: "ROA Date: 11/25/2020 . . . Hearing result for Jury Trial held on 11/25/2020 09:00AM: Jury trial continued: Court issues memorandum decision via e-file system. Case settled with judicial hearing and issuance of written opinion. . . ."

Neither excerpt helps Betsy. The district court's comment in the register of actions that it "talked briefly with counsel off the record and giving them until Tuesday 11/24/2020 to work out and [*sic*] agreement" does not show that the district court told the parties that it planned to decide the case's ultimate merits—only that it would issue a decision on *something* if they failed to reach an agreement by November 24, 2020. The second entry simply refers to a "jury trial," which is clearly incorrect. It mentions neither agreement nor notice.

Further, the Memorandum Decision excerpt Betsy cites does not show the *parties* ever agreed there would be no additional evidence—only that the district court *believed* no more was needed: "There is no need for any further evidentiary hearings in this case. By deciding that Betsy is the owner, there are no further issues to decide about the preliminary injunction or otherwise *and no new evidence will be forthcoming*." (Emphasis added.) Contrary to Betsy's assertions, the record does not show adequate notice of intent to consolidate the hearing on Betsy's motion for preliminary injunction

8

with a trial on the case's ultimate merits. That lack of notice was a denial of due process and an error of law.

We likewise agree with the panel's conclusion that the district court's failure prejudiced Dave and Emily. Although the panel did not consider the *Omni* "'[f]actors'" to ascertain prejudice, its discussion captures the prejudice inherent in the district court's decision to consolidate the hearings without prior notice. *Jennings*, 2023 WL 334765, at *8-9 (explaining the differing legal standards between a motion for preliminary injunction and a final decision quieting title). Ultimately, the problem with the district court's decision lay not just in the parties' presentation of evidence, but also in their ability to appropriately *frame* that evidence for the district court under the correct legal standard. As the district court's lengthy Memorandum Decision suggests, the parties' scattershot approach to the evidence provided a confusing picture of their understanding of the purported oral agreement—a picture that could have been resolved through more focused presentation of evidence and argument. Further, as Betsy's trial brief suggested, Dave and Emily's statute of frauds argument constituted an affirmative defense for which *they* bore the burden of proof—a burden they may have been unprepared to carry at a hearing on *Betsy*'s request for a preliminary injunction.

In a nutshell, without informing the parties, the district court's decision retroactively changed practically everything:  the elements to be proved, the burden of proof on each element, and the party obligated to carry the burden on each element. Dave and Emily were denied due process from the lack of clear notice that they, not Betsy, had to prove each element of each cause of action they made in the lawsuit, and not just to defend Betsy's burden to prove her counterclaim for preliminary injunction. Dave and Emily have thus shown they were prejudiced by the court's actions.

So the panel correctly held that the district court made a legal error in consolidating the hearing on Betsy's request for a preliminary injunction with a trial on the case's merits. The district court abused its discretion by going beyond making the findings of fact and conclusions of law needed to determine whether Betsy should prevail on her counterclaim for a preliminary injunction.

*The panel erred by addressing the case's merits after correctly concluding that the district court erred.*

Betsy next complains that the panel erred by sua sponte reversing the district court's ownership determination based on the "legal pathway" the district court took. *Jennings*, 2023 WL 334765, at *10. In effect, Betsy claims the panel improperly reweighed the evidence and failed to give deference to the district court's credibility determinations under the guise of reviewing its ultimate legal conclusions. We agree.

As we have explained, the problem with the district court's decision to consolidate lay in the parties' inability to appropriately frame their legal arguments and evidence within the appropriate legal framework. But the panel compounded that problem by adopting a set of "common law rules" drawn largely from *Willcox v. Stroup*, 467 F.3d 409 (4th Cir. 2006)—cited by neither party—to try and resolve the case's merits on purely legal grounds. *Jennings*, 2023 WL 334765, at *9-12. And while the panel claimed that its role was "not to substitute our judgment for that of the district court," it seems to have done just that. 2023 WL 334765, at *9, 11-12. Instead, the panel should have done what it said would "[o]ften" happen upon a finding that the district court violated a party's due process rights: "remand the case to the district court to afford both parties the opportunity to present the evidence and obtain the corresponding analysis they were denied as a result of the district court's failure to provide the required notice." 2023 WL 334765, at *9.

10

CONCLUSION

We need not belabor the point. The panel, like the district court, got ahead of itself in trying to resolve the case's merits before the appropriate procedural time. We hold that, after the panel correctly concluded the district court erred by improperly accelerating the procedural phase of the case without adequate notice, it should have remanded the matter for further proceedings—beginning with the district court's ruling on Betsy's request for a preliminary injunction.

Judgment of the Court of Appeals reversing the district court is affirmed in part and reversed in part. Judgment of the district court is reversed, and the case is remanded.