NOT DESIGNATED FOR PUBLICATION

No. 127,502

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PEYTON TAYLOR,
*Appellant*,

v.

Estate of BRYAN PEARSON, by and through JOSHUA BECKER, Special Administrator,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Oral argument held November 18, 2025. Opinion filed January 16, 2026. Reversed and remanded with directions.

*Daniel A. Kopp*, *Thomas J. Dickerson*, and *Kahlie M. Hoffman*, of Dickerson Oxton, LLC, of Kansas City, Missouri, for appellant.

*Scott D. Hofer* and *Christopher R. Mirakian*, of Baker Sterchi Cowden & Rice, LLC, of Kansas City, Missouri, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Peyton Taylor sued Bryan Pearson for injuries sustained in an automobile accident. Pearson admitted that he negligently rear-ended Taylor's car but disputed that he was the cause of Taylor's damages. Pearson also contested the nature and extent of Taylor's injuries. After a jury returned a verdict attributing no fault to Pearson, Taylor filed a motion for a new trial. The district court granted the motion, and the new trial was scheduled. At the pretrial hearing, both parties agreed to waive a second jury

1

trial and instead try the case to the court. The district court expressed its frustration and noted it would research whether it was obligated to conduct a bench trial.

One week later, the district court issued a memorandum decision and final judgment resolving the entire case on its merits. The district court did not give any notice to the parties of its intent to issue the decision in lieu of a trial. In its final decision, the district court entered judgment for Pearson. The district court reasoned that because it had heard the evidence during the first trial and subsequent hearings, a bench trial was unnecessary.

On appeal, we conclude that the district court abused its discretion by committing a factual error—basing its factual findings on evidence that was not properly before the court. And it also abused its discretion by committing a legal error in violating Taylor's procedural due process rights by entering a final judgment without giving her an opportunity to be heard in a meaningful time and manner. Because we reverse and remand on the first issue, we need not consider whether the district court erred by entering a final judgment contrary to the evidence. Accordingly, we reverse and remand for a new trial to be heard by a different judge.

FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2015, Peyton Taylor was rear-ended by Bryan Pearson while stopped at a red light at the intersection of Shawnee Mission Parkway and I-35 in Johnson County, Kansas. Taylor filed suit against Pearson, alleging that Pearson negligently caused the automobile collision because he had been driving too fast for the road conditions. Taylor sought damages in excess of $75,000.

*First Trial and Motion for New Trial*

The case proceeded to jury trial on February 24, 2020, resulting in a verdict of "no fault" in favor of Pearson. On July 2, 2020, Taylor filed a motion for new trial. She argued that the jury's verdict was contrary to the evidence, that defense counsel engaged in misconduct during trial, that the district court erred in admitting evidence of a subsequent collision involving Taylor, and that the court improperly limited her cross-examination of Dr. Rawson Wood, Pearson's expert witness. Pearson opposed the motion.

On October 8, 2020, the district court heard Taylor's motion. The court determined that the restrictions imposed on the cross-examination of Pearson's expert were improper and likely impacted the verdict's outcome. The district court elaborated that Dr. Wood was "pivotal" to the verdict, as Dr. Wood's opinions on causation were central to the jury's finding of no liability. The court concluded that the case needed to "start all over," explaining that causation, the very issue affected by Dr. Wood's testimony, was the key issue in dispute. The district court announced its decision from the bench, but because the parties could not agree on a journal entry filed pursuant to Supreme Court Rule 170 (2020 Kan. S. Ct. R. 217), the district court did not file a written journal entry granting the new trial until May 7, 2021. The district court denied Pearson's motion to reconsider, alter or amend the order granting a new trial on June 15, 2021, stating "[t]he Court is now more convinced that its ruling granting a new trial was correct."

*Subsequent Proceedings*

The case was scheduled for a second jury trial to begin on March 18, 2024. A case management conference and pretrial hearing were scheduled, and additional discovery ensued. New expert deadlines were set and both parties designated new experts. Taylor's new expert designation included Dr. Sandy Lane—a retained damages expert. In addition

3

to Dr. Wood, Pearson designated Dr. John McMaster as a retained damages expert. Neither Dr. Lane nor Dr. McMaster testified at the first trial.

On April 3, 2023, Taylor filed two motions:  a motion for partial summary judgment on fault and a motion to exclude Dr. Wood. On August 15, 2023, Taylor filed a motion for leave to amend the pretrial order to reflect the passage of time and the corresponding updates to her medical bills and claimed damages. Taylor confirmed that she was not seeking to amend the pretrial order with respect to the issues of fault or causation.

The district court held oral argument on these motions on September 26, 2023. The district court denied Taylor's motion for partial summary judgment, explaining that summary judgment is generally inappropriate in a negligence case, particularly where causation and damages are closely intertwined.

The district court granted Taylor's motion to exclude Dr. Wood, reasoning that his "opinions don't come from the facts of this case. They come from his own opinion." Pearson moved for reconsideration of the order, but the district court denied the motion. In denying Pearson's motion, the district court noted that if Dr. Wood "had the same opinion despite the different set of facts in the other cases, the Court was not reasonably assured that the witness could reliably apply the principles and methods he espoused to the facts of this particular case."

The district court granted Taylor's unopposed motion for leave to amend the pretrial order to add a claim of past medical for the medical bills that had accrued between the two trials.

As the case proceeded toward trial, the parties informed the court that Pearson had died. Joshua Becker was substituted as special administrator of the Estate of Bryan Pearson on December 15, 2023.

The district court conducted the final pretrial hearing on January 10, 2024. During the pretrial hearing, the parties advised the court that they had agreed to waive the jury trial in favor of a bench trial. In response, the district court expressed its frustration. It stated:

> "Now you're going to make me research this. I don't want a bench trial and have to make findings, and I don't think then I want to do that. I want you to do drafting instructions instead of me working on findings and conclusions."

The court further commented, "If you're in agreement to waive the jury trial, I'm leaning that way. It's just a personal thing here. I don't know—I don't really want to have to write a decision."

The district court judge stated that he did not wish to conduct the trial: "I think of the first decision was made in the case that might have been error on my part was taking this from Judge Hauber. He can be in this position dealing with this instead of me." The district court made another similar statement: "If I can find any way for this to go back to Judge Hauber, I'm ready."

The district judge further questioned whether he was obligated to conduct a bench trial:

> "I'm going to look at whether or not I have to. I don't like to be a pain. I like the lawyers to try their case. If you want a bench trial, you're generally going to get a bench trial. It's just—I'm growling inside about what that means in terms of work on the other

end and proposed findings of fact and conclusions are again more hopefully speculation than they are helpful and actual so they don't really help a lot."

*"Memorandum Decision and Final Judgment"*

On January 17, 2024, one week after the pretrial hearing, the district court filed a "Memorandum Decision and Final Judgment." In its decision, the district court concluded that a bench trial was unnecessary because it had already considered all admissible evidence from the prior jury trial and through subsequent motions and hearings. The district court vacated its prior order granting the new trial and also vacated the order striking Dr. Wood's testimony in part. The district court noted it had considered all evidence in the record and then entered judgment for Pearson. The court found that Taylor failed to meet her burden to prove liability or causation and that any injury she suffered was minor and not compensable.

Taylor did not move for reconsideration of the district court's final judgment but timely appeals.

ANALYSIS

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY ENTERING A FINAL JUDGMENT?

Taylor argues that the district court abused its discretion by violating her due process rights. Taylor points out that no notice was given to the parties that the district court was going to take up the case on its own motion and that it "was going to reconsider multiple prior rulings." Taylor states she was not given an opportunity "to object or discuss conducting a jury trial or other hearing before judgment was issued" and "[n]o trial or other hearing on the merits was held." Moreover, Taylor argues that "new evidence on Plaintiff's claimed damages was not presented and neither party was given any opportunity to be heard before the district court entered judgment."

6

*Standard of Review*

A district court's decision on whether to conduct a hearing or trial is subject to an abuse of discretion standard. See *Jennings v. Shauck*, 318 Kan. 711, 714, 547 P.3d 524 (2024). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024). Taylor bears the burden of showing the district court abused its discretion. 319 Kan. at 400.

Whether a party was denied due process is a question of law subject to de novo review. *In re J.D.C.*, 284 Kan. 155, Syl. ¶ 7, 159 P.3d 974 (2007).

*Preservation*

"Ordinarily, appellate courts do not consider constitutional issues raised for the first time on appeal." *In re A.S.*, 319 Kan. at 399. An appellate court may consider a newly raised constitutional issue if:

> "'(1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the trial court may be affirmed because it was right for the wrong reason.'" *In re N.E.*, 316 Kan. 391, 408, 516 P.3d 586 (2022) (quoting *State v. Perkins*, 310 Kan. 764, 768, 449 P.3d 756 [2019]).

Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Here, Taylor appeals directly from the district court's final judgment. She explains that she did not file a motion to reconsider but contends that doing so would have been "futile" and caused "further delay." Taylor argues that her claim should be considered under the second

7

exception because the issue implicates the denial of her fundamental due process rights. Taylor adds that the deprivation of her due process rights "necessarily prevented her from raising these issues below" because "[she] had no knowledge of the district court's intent to issue judgment and reconsider its prior rulings without a hearing and no opportunity to object before judgment was entered." Taylor has complied with Supreme Court Rule 6.02(a)(5) by explaining why the issue was not raised in district court.

As Taylor correctly points out, procedural due process requires notice and an opportunity to be heard. *Village Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 331, 291 P.3d 1056 (2013). The undisputed facts in this case are that the district court entered final judgment without notice that it intended to decide the case on the existing record. Because Taylor had no meaningful opportunity to object to the court's decision before judgment was entered, consideration of the issue in this case is necessary to prevent the denial of fundamental due process rights. Consideration of the issue is not precluded. See *Schutt v. Foster*, 320 Kan. 852, 856, 572 P.3d 770 (2025) (appellant must provide a compelling explanation and factual support for why the issue should be considered on appeal).

*General Principles of Due Process*

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Additionally, section 18 of the Kansas Constitution Bill of Rights states: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law." Historically, Kansas courts have construed the due process protections under section 18 to be the same as those guaranteed by the Fourteenth Amendment. *State v. Boysaw*, 309 Kan. 526, 536-38, 439 P.3d 909 (2019).

8

The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); see also *In re Care & Treatment of Ellison*, 305 Kan. 519, 526, 385 P.3d 15 (2016) (citing *Eldridge*, 424 U.S. at 333). Because Taylor is challenging her opportunity to be heard, she is making a procedural due process claim. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Eldridge*, 424 U.S. at 332.

Procedural due process requires notice that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1267, 136 P.3d 457 (2006).

We apply a multiple-step process to determine whether Taylor's procedural due process rights were violated in this case:

> "Our courts employ a multiple-step analysis in reviewing whether a civil litigant's procedural due process rights were violated. The first step requires the determination of whether a protected liberty or property interest is at stake. If so, the second step requires a determination of the nature and extent of the process due." *Freebird, Inc. v. Cimarex Energy Co.*, 46 Kan. App. 2d 631, 634, 264 P.3d 500 (2011).

*Taylor possessed a protected property interest.*

First, we consider whether Taylor possessed a property interest. Then, we consider whether that interest was protected.

"To establish a property interest in a particular benefit, one must have a 'legitimate claim of entitlement' to it." *Murphy v. Nelson*, 260 Kan. 589, 598, 921 P.2d 1225 (1996)

9

(quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 [1972]). A litigant's interest in civil litigation has been considered a property interest for purpose of a due process analysis. *Roth*, 408 U.S. at 576-77. Section 18 of the Kansas Bill of Rights also supports finding a property interest in a civil lawsuit. See *Samsel v. Wheeler Transport Services, Inc.*, 246 Kan. 336, 358, 789 P.2d 541 (1990) ("Our constitution provides that the common-law right to a jury trial includes the right to have the jury determine the amount of the damages in personal injury actions.").

*Taylor was entitled to procedural protection.*

Having concluded Taylor's personal injury claim is a property interest, we turn to whether she was entitled to specific protection of that property interest. "A due process violation exists only when a claimant is able to establish that he or she was denied a specific procedural protection to which he or she was entitled." *In re J.D.C.*, 284 Kan. at 166.

The right of trial by jury is provided for in the Constitution of the State of Kansas in section 5 of the Bill of Rights. Additionally, K.S.A. 2024 Supp. 60-238(a) states, "The right of trial by jury as declared by section 5 of the bill of rights in the Kansas constitution, or as provided by a state statute, is preserved to the parties inviolate."

Under some circumstances, a jury trial may be instead conducted by the court. Under K.S.A. 2024 Supp. 60-239(a), once a demand for jury trial has been made, the trial must be by jury unless the parties stipulate to a bench trial, or the court finds that there is no right to a jury trial as to some or all issues. In that event, the trial must be to the court. See K.S.A. 2024 Supp. 60-239(a).

Here, after the first jury trial, the district court granted Taylor's motion for new trial. But the second trial never occurred. Taylor and Pearson stipulated to a bench trial

10

under K.S.A. 60-239, but instead of providing a bench trial, the district court entered its own judgment without notice to the parties.

K.S.A. 60-252(a) also provides Taylor with due process protection in that she is entitled to have findings of fact and conclusions of law included in the court's decision:

"In an action tried on the facts without a jury or with an advisory jury or upon entering summary judgment, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of evidence, or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under K.S.A. 60-258, and amendments thereto." K.S.A. 2024 Supp. 60-252(a).

We conclude that Taylor was entitled to specific protection of her property interest in her personal injury action under Kansas law.

*Nature and Extent of Process Due*

"In order to determine the nature and extent of the procedural protections that an individual is entitled to receive, a court applies the balancing test established in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). *State v. Wilkinson*, 269 Kan. 603, 609, 9 P.3d 1 (2000). Under that test, a reviewing court weighs the following factors: (1) the individual interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures employed and the probative value, if any, of additional or substitute procedural safeguards; and (3) the State's interest in the procedures used, including the fiscal and administrative burdens that any additional or substitute procedures would entail. *In re J.D.C.*, 284 Kan. at 166-67, 159 P.3d 974." *In re Marriage of Hutchison*, 47 Kan. App. 2d 851, 856, 281 P.3d 1126 (2012).

Applying these factors in the present case, Taylor's individual interest at stake is her right to a jury trial under the Kansas Constitution as well as K.S.A. 60-238, and alternatively, her right to a bench trial under K.S.A. 60-239. Taylor waived her right to a

11

jury trial with the understanding from the court she would receive a bench trial. Moreover, if merits of the entire case were somehow properly before the court absent a trial, she would also receive the protections found in K.S.A. 2024 Supp. 60-252(a).

Then, "the risk of erroneous deprivation of the interest through the procedures employed" in this case is great. 47 Kan. App. 2d at 856. Without being able to present evidence, cross-examine witnesses, and make arguments, Taylor was denied her right to have her case properly considered on the merits by a neutral factfinder.

As to the third factor, the State has no recognized interest in a district court cancelling a bench trial and issuing a judgment sua sponte. And the burden of conducting a bench trial is no more than what would normally be expected of a district judge.

Having considered the factors found in *Eldridge*, 424 U.S. at 335, we turn to two Kansas cases that examine the nature and extent of the process due when a district court expands the scope of a hearing or proceeding. In *Jennings*, 318 Kan. at 713-16, the Kansas Supreme Court examined the impact of expanding the scope of the hearing without notice to the parties in the context of a preliminary injunction. In *Jennings*, the district court gave notice of a hearing on a preliminary injunction, but instead issued a decision that resolved the full merits of the case:

> "But instead of ruling only on the motion for preliminary injunction, the Memorandum Decision made findings of fact and conclusions of law on the merits of *all* issues pending in the underlying lawsuit, including Oscar's ownership, contract disputes, and damages. The court clarified no further evidence or hearings would occur. The case was over." 318 Kan. at 713.

The parties appealed and cross-appealed. A panel of our court found that the district court violated the plaintiff's procedural due process rights by expanding the scope of the hearing without notice. *Jennings v. Shauck*, No. 123,495, 2023 WL 334765, at *9

12

(Kan. App. 2023) (unpublished opinion). The Kansas Supreme Court affirmed the panel on this issue, finding that as to consolidating a hearing on a preliminary injunction with a final hearing on the merits, "'[i]f the court determines to consolidate, all parties must be given adequate, clear, and unambiguous notice of the consolidation.'" 318 Kan. at 716 (quoting *Omni Outdoor Advertising of Missouri, Inc. v. City of Topeka*, 241 Kan. 132, 138, 734 P.2d 1133 [1987]). In *Omni*, the Kansas Supreme Court found reversible error where a district court consolidated a temporary injunction hearing with a trial on the merits without notice to the parties. The court focused on the fact Omni was not given actual notice of the consolidation, and that it suffered "actual prejudice" as a result. *Omni*, 241 Kan. at 138.

While these cases arose in the context of expanding the scope of a preliminary injunction hearing, they guide us as we consider what happened in the present case. We start with the district court's memorandum decision and final judgment, in pertinent part:

"Given the waiver of the jury trial, the Court has reconsidered its prior interlocutory orders entered in this case that were based primarily upon a jury being the ultimate factfinder. A new trial is unnecessary. That prior order is vacated.

"The order striking defense expert Rawson Wood, M.D., is vacated in part. The Court confirms its order on the biomechanical engineering opinions, particularly in regard to his opinion on compressive vertical forces which exist solely from his opinion and not from any facts in this case. His arrogant demeanor and multiple identical opinions regardless of the differing facts in other cases for which he was hired to testify severely undermine the credibility of what the Court now considers might have been designed specifically to confuse and overwhelm lay jurors.

"The multiple convoluted reports which the Court has tried to decipher are of no value in support of his opinion on the forces of this collision. His medically based testimony, on the other hand, is considered. Plaintiff's expert on the collision dynamics and forces involved, matters generally within the realm of common knowledge and

13

experience of jurors, suffers credibility and persuasive value problems similar to the defense expert.

"The original trial verdict is accepted as advisory. With the Court now considering all the evidence as both trier of facts and judge of the law, the Court independent of the jury verdict also finds and concludes that Plaintiff has failed to sustain her burden to prove liability or causal fault on the Defendant driver, Bryan Pearson, for the damages she alleged to have sustained.

"Even a concession of 'some' injury, if there was such a concession, does not rise to the level of significant compensable damage, particularly with the low-speed *de minimis* collision impact in this case and the obviously more severe impact of the later collision that actually totaled Plaintiff's vehicle. If she suffered any injury from this impact at issue, it was no more than a minor sprain such as one might get doing household chores that would resolve in a few days. When tried, no incurred medical damage claim was presented. Certainly, it was not a permanent injury. Likewise, the degenerative disc disease preexisting this collision might just as easily have been the problem unaffected by the low-speed incident. It might likely have been aggravated by the second crash, unrelated to the case at bar, that totally wrecked her car. There is no need for the Court to hear the same evidence again. Plaintiff has been fully heard and has successfully limited certain opinions from the Defendant's expert. Nevertheless, she failed to meet her burden of proof with credible and persuasive evidence.

"Judgment is entered for the Defendant."

Taylor argues in her brief that the district court's entry of final judgment deprived her of a meaningful opportunity to be heard:

"While the parties were close to being prepared for trial and discovery had been completed, the January 10, 2024 hearing did not include any presentation of evidence on the merits. No exhibits were offered, no witnesses testified, and no argument on the merits was given. Notably, nothing regarding Plaintiff's new claim for past medical expenses was entered into evidence—and nothing had ever been presented to the district court or was otherwise in the record. *See State v. Dority*, 50 Kan. App. 2d 336, 343

14

(2014) (a judge as the factfinder is not allowed to use his or her special knowledge of a particular subject to decide an issue without hearing evidence to support the judge's findings). And [t]he district court did not give any notice to the parties that he intended to reconsider his prior ruling granting a new trial or his order striking one of Defendant's experts. The district court essentially ignored the law of the case to further its own personal animus against conducting a bench trial. No opportunity to be heard on these issues was given either."

We agree with Taylor that she was denied an opportunity to be heard in a meaningful time and manner. First, the district court reconsidered its prior ruling to grant a new trial without notice and without giving Taylor an opportunity to object. The district court was firm in its original ruling to grant the new trial and offered no explanation why it was vacating that order. In fact, when Pearson moved to reconsider the ruling granting a new trial, the district court denied his motion, stating, "The Court is now more convinced that its ruling granting a new trial was correct."

Second, as to the merits, at the first trial, the jury and court heard expert testimony from Dr. Wood as to Taylor's injuries. But later, the district court set aside the jury verdict of "no fault" and granted a new trial because it found the cross-examination of Dr. Wood had been improperly limited. The district court found that Dr. Wood's testimony was critical to Taylor's case.

The district court then granted a motion to exclude Dr. Wood's testimony, finding that it appeared no matter the facts of a case, Dr. Wood's opinions remained the same. The district court took great issue with the credibility of Dr. Wood, yet in its memorandum decision and final order, the court vacated its prior order striking Dr. Wood's testimony in part, and considered some, but not all, of Dr. Wood's opinions. Taylor was unable to object, cross-examine, or argue against Dr. Wood's opinions prior to the district court issuing its decision.

15

In its memorandum decision and final judgment, the district court also stated the "original trial verdict is accepted as advisory" but did not explain how it was relying upon the original jury trial for its findings. Pearson had admitted he was negligent. He disputed whether his negligence caused Taylor any injury, and he also disputed the nature and extent of those injuries. During an October 8, 2020, hearing, the district court expressed that it believed both parties had made a submissible case at the end of the evidence in the initial case, and "[t]here wasn't a case for judgment as a matter of law either way." The district court also acknowledged that "the fact that there was some injury appears to have been uncontroverted" and "The [Defendant] admitted being negligent." But in its memorandum decision and final judgment, the district court stated, "Plaintiff has failed to sustain her burden to prove liability," ignoring Pearson's admission of negligence and the court's prior findings.

It is unclear from the district court's order what evidence it relied upon to render this judgment. The district court did not state whether it considered any evidence from the new experts designated by the parties. If it did, Taylor would not have had an opportunity to present her own new expert witness or object or cross-examine Pearson's new expert witness. It is also unclear whether the district court considered Taylor's amended claim related to her medical bills. What *is* clear from the judge's comments at the pretrial conference on January 10, 2024, is that the judge simply did not want to conduct a bench trial due to the additional work he believed that would create. The multiple comments of the district court judge made it clear he considered a bench trial a burden and wanted to find a way to deny the parties their trial. His memorandum opinion and final judgment did exactly that.

A district court's factual findings must be supported by substantial, competent evidence, and a court abuses its discretion by making factual findings based on a clearly erroneous assessment of the evidence. See *State v. Gonzalez*, 290 Kan. 747, 756, 234 P.3d 1 (2010) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct.

16

2447, 110 L. Ed. 2d 359 [1990]). We find here that the district court abused its discretion because it based its factual findings on evidence that was not properly before the court and ignored a binding admission as to Pearson being at fault for the accident.

We also find that the district court abused its discretion because its decision is based on an error of law. See *In re A.S.*, 319 Kan. at 400. Taylor was not afforded an opportunity to be heard in a meaningful time and manner. She was not given the opportunity to object to the trial court cancelling the bench trial. She was not allowed to present evidence or object to evidence. She was also not allowed to ask the court to consider her new expert witness testimony and her amended medical bills. Taylor received neither the protection of receiving her jury trial nor the bench trial required under K.S.A. 60-239. And even if it would have been permissible for the district court to enter judgment, the district court did not follow the requirements of K.S.A. 60-252(a) that required findings of fact and conclusions of law to be stated separately.

The essence of procedural due process is to prevent wrongful deprivation by ensuring individuals have a meaningful opportunity to explain why the court's action would be improper or erroneous. See *Taylor v. Kansas Dept. of Health & Environment*, 49 Kan. App. 2d 233, 242, 305 P.3d 729 (2013). The district court's failure to protect Taylor's procedural due process rights was an error of law and an abuse of discretion. See *Jennings*, 318 Kan. at 718.

*Prejudice*

A deprivation of procedural due process must result in some tangible prejudice to warrant relief. See *Tennessee Secondary School Athletic Assn. v. Brentwood Academy*, 551 U.S. 291, 303-04, 127 S. Ct. 2489, 168 L. Ed. 2d 166 (2007). Here, Taylor identifies specific prejudice resulting from the district court's due process violation. She points out that not only was she denied her second trial, but she was also not given an opportunity to

17

object before the district court reversed its earlier decision granting the new trial. She was also not given the opportunity to object to the evidence being considered by the court in reaching its decision in its memorandum decision and final judgment. Nor was she allowed to present evidence on her amended claim for damages or present her new expert witness evidence. Due process requires that Taylor have a meaningful opportunity to object to the district court's actions and present evidence. See *Taylor*, 49 Kan. App. 2d at 242. Taylor was prejudiced by the district court's actions and lost her opportunity to present her case at trial.

Because we find the district court abused its discretion in entering its memorandum decision and final judgment, we need not consider Taylor's second issue pertaining to whether that judgment was erroneous based on the evidence presented at the first trial. We reverse and remand for a new trial. On remand, due to the nature of the district court judge's comments in this case, we order a new judge be assigned to conduct the trial.

Reversed and remanded with directions.